**Robert A. SABIN, Plaintiff–Appellant,**

v.

**Joanne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

**Docket No. 02–6136.**

United States Court of Appeals, Second Circuit.

Feb. 7, 2003.

Robert A. Sabin, for Appellant, pro se.

Nancy J. Creswell, Assistant United States Attorney, Burlington, VT, (Peter W. Hall, United States Attorney for the District of Vermont; Carol L. Shea, Chief, Civil Division, Burlington, VT, on the brief; Nancy B. Salafia, Assistant Regional Counsel, Social Security Administration, Boston Mass.), for Appellee, of counsel.

Present: OAKES, CALABRESI, and SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED

AND DECREED that this appeal is HELD IN ABEYANCE pending the appellant's bringing, if he so wishes, a Rule 60(b) motion before the Magistrate Judge, and the Magistrate Judge deciding any such motion.

In 1999, Plaintiff–Appellant Robert A. Sabin applied for Social Security disability benefits and Supplemental Security Income benefits, alleging an inability to work beginning in September, 1990. After the Department of Health and Human Services denied his request, Sabin sought a hearing before an Administrative Law Judge ("ALJ"). The ALJ concluded that Sabin was disabled by an affective disorder as of December 8, 1999, the date he began seeing a therapist named Gauthier, who testified at the hearing. Because the evidence regarding Sabin's mental state prior to that date was sparse and contradictory, the ALJ concluded that Sabin was not disabled prior to December 31, 1995, when his disability coverage expired. Sabin appealed the ALJ's determination to the Appeals Council, which "concluded that there [was] no basis ... for granting [Sabin's] request for review."

Sabin then filed a complaint in the United States District Court for the District of Vermont, pursuant to 42 U.S.C. § 405(g), to review the decision. Sabin alleged that certain findings of the ALJ were erroneous and not supported by substantial evidence, and that the ALJ failed adequately to develop the record. Sabin moved for summary judgment or, in the alternative, for remand; the Commissioner filed a cross-motion for summary judgment. The district court denied Sabin's motions and granted the Commissioner's motion for summary judgment.

Under § 405(g), the district court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." On appeal, Sabin offers what he contends is new evidence concerning his affective disorder. It includes, *inter alia*, the case notes of Dr. David P. Celani, a therapist who treated Sabin between 1988 and 1991, a letter from Dr. Celani offering to give evidence, a letter from Mr. Gauthier indicating receipt of a letter from Dr. Celani confirming that Sabin's mental state between 1988 and 1991 was similar to what it was in 1999, the case notes of a substance abuse counselor Sabin saw in 1988, and the results of a Minnesota Multiphasic Personality Inventory taken at that time. Sabin asserts that he did not obtain this evidence in time to submit it to the district court because of his disability and because of inadequate representation before the district court. At oral argument before us, counsel for the Commissioner conceded that this evidence is relevant to Sabin's entitlement to benefits.

We generally will not consider evidence that was not before the district court, even evidence discovered after the decision by that court, for the first time on appeal. *See Krumme v. Westpoint Stevens,* 238 F.3d 133, 141–42 (2d Cir.2000). We will therefore not review the decision of the Magistrate Judge that is before us on this appeal in light of the material that appellant asserts is newly discovered and which has not been submitted to the district court.

There may still be an opportunity, however, for Sabin to bring this material before the Magistrate Judge under Fed. R.Civ.P. 60(b) and to seek to have him revisit his judgment based on it. That rule provides in pertinent part:

**Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence;**

**Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1)[and] (2) ... not more than one year after the judgment, order, or proceeding was entered or taken.

*Id.*

We will therefore hold this appeal in abeyance to permit the appellant, if he wishes, to file a Rule 60(b) motion before the Magistrate Judge and to include in his submission the material that he contends is newly discovered. Because of the time limitations that apply to such motions, the appellant should consider making any such motion immediately. If the appellant does not wish to make such a motion, the appellant shall promptly so inform us, in which case this panel will then decide this appeal. The Magistrate Judge or the United States Attorney shall promptly inform us if the appellant does not file the motion within the time permitted under the Rule or if such motion is denied, in which case this panel will then decide the appeal. Under the procedure adopted in *Ryan v. United States Lines Co.*, 303 F.2d 430, 434 (2d Cir.1962), however, "if [the Magistrate Judge] decides in favor of [Sabin on the motion], then ... [a] remand by the court of appeals [should] be sought" to permit further proceedings in the district court or the Social Security Administration. *Accord United States v. Camacho*, 302 F.3d 35, 36 (2d Cir.2002).

Sabin has indicated in his brief and at oral argument that he has not been able to procure legal counsel. If he so requests, the district court should consider seeking *pro bono* counsel for him.

Nothing contained in this order should be construed as indicating any view by this Court with respect to the merits of any motion that the appellant may bring in the district court.

So ordered.