12-2474-cv
RTI Ltd. v. Aldi Marine

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand thirteen.

Present:
          ROBERT A. KATZMANN,
          BARRINGTON D. PARKER, JR.,
                    *Circuit Judges*,
          MIRIAM GOLDMAN CEDARBAUM,
                    *District Judge*.[*]

———————————————————————————————

RTI LIMITED,

                    *Petitioner-Appellee*,

                    v.                                                            No.  12-2474-cv

ALDI MARINE LTD., DIMITRY OSIPOV, NATICA
SHIPPING LTD., MERCURY SHIPPING & TRADING
LTD., RANS CHARTERING LTD., MAGUIRE
INTERNATIONAL LTD.,

                    *Appellants*.

———————————————————————————————

—————————————————

[*] The Honorable Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

For Petitioner-Appellee:  TIMOTHY S. PFEIFER (M. Elizabeth Howe, *on the brief*), Baker & Hostetler LLP, New York, NY

For Appellants:  GEORGE M. CHALOS (Katherine N. Christodoulatos, *on the brief*), Chalos & Co., P.C., Oyster Bay, NY

Appeal from the United States District Court for the Souther District of New York (Koeltl, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **VACATED** and the case is **REMANDED** for further proceedings.

Appellants Aldi Marine Ltd., Dimitry Osipov, Natica Shipping Ltd., Mercury Shipping & Trading Ltd., RANS Chartering Ltd., and Maguire International Ltd. (collectively, the "Appellants") appeal from a June 13, 2012 Order of the United States District Court for the Southern District of New York (Koeltl, *J.*). That Order denied the Appellants' motions: (1) to reopen proceedings on the application of Petitioner-Appellee RTI Limited ("RTI") to take discovery under 28 U.S.C. § 1782; (2) to vacate a prior discovery order granting RTI's application; and (3) to quash subpoenas that issued under the prior discovery order. On appeal, the Appellants argue that RTI did not qualify for discovery under 28 U.S.C. § 1782 and that even if RTI did qualify, the district court nonetheless abused its discretion by granting RTI's application.[1] We assume the parties' familiarity with the relevant facts, procedural history, and issues presented for review.

_____

[1] On March 5, 2013, the day of oral argument, the Appellants notified both the Court and RTI that a foreign court had issued an opinion on March 1, 2013. According to the Appellants, that opinion has implications for the instant appeal. Nonetheless, "[w]e generally will not consider evidence that was not before the district court, even evidence discovered after the decision by that court, for the first time on appeal." *Sabin v. Barnhart*, 56 F. App'x 547, 548 (2d Cir. 2003) (summary order). Although we decline to consider the March 1, 2013 opinion here, we see no reason why the district court, in the exercise of its sound discretion, could not consider that opinion on remand.

Where a district court has granted a discovery application under 28 U.S.C. § 1782(a), our review is "two-fold." *Brandi-Dohrm v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 79 (2d Cir. 2012). First, "we review *de novo* the district court's determination as to whether the statutory requirements of § 1782 are met." *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 27 (2d Cir. 1998). Then, "if we are satisfied that the[] requirements are met, we review the district court's decision on whether to grant discovery for abuse of discretion." *Id.*

Section 1782(a) permits "any interested person" to apply to a district court for an order permitting him or her to take discovery "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). "The goals of the statute are to provide equitable and efficacious discovery procedures . . . for the benefit of [foreign] tribunals and litigants . . . and to encourage foreign countries by example to provide similar means of assistance to our courts." *Brandi-Dohrn*, 673 F.3d at 80 (citation, alteration, and internal quotation marks omitted). A district court may grant a § 1782(a) application where: "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Id.*

For the reasons set forth below, we conclude that the present factual record does not support a finding that RTI is an "interested person" with respect to the relevant foreign proceedings. The Supreme Court has held that one who has significant "participation rights" in a proceeding "possesses a reasonable interest in obtaining judicial assistance, and therefore qualifies as an interested person within any fair construction of that term." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256-57 (2004) (internal quotation marks and alterations omitted). Here, however, RTI has not shown that it enjoys significant participation

3

rights, but instead that its sister corporations do. While we have previously held that the agent of a party to a foreign litigation may qualify as an "interested person" under § 1782 "[b]y virtue of th[e] agency and the status of its principal," *Lancaster Factoring Co. Ltd. v. Mangone*, 90 F.3d 38, 42 (2d Cir. 1996), the present record does not demonstrate that RTI's corporate relationships create the same alignment of interest and purpose as the agency agreement at issue in *Lancaster*. Specifically, in *Lancaster*, we noted that affidavits in the record "spell[ed] out the gist of the [principal's] agreement with [the agent,] confirm[ed] that [the agent was] acting here 'on behalf of' [the principal,] . . . and state[d] that the agreement was expressly approved by the Milan bankruptcy court." *Id.* On the record before us, we cannot say that RTI has made a similar showing. Thus, we conclude that, on the present record, it has not shown that it meets the requirements of § 1782.[2]

We have considered RTI's remaining arguments on this issue and find them to be without merit. For the reasons stated herein, the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



---

[2]We further reject RTI's argument that it qualifies as an interested person because, by virtue of its corporate relationships, it now oversees the business operations at issue in the foreign proceedings. Section 1782 permits "any interested person" to discover information "for use" in a foreign proceeding. The relevant interest, then, is an interest in the proceeding rather than the underlying subject matter. *See Intel*, 542 U.S. at 256-57 (noting that someone who "possesses a reasonable interest in obtaining judicial assistance" qualifies as an interested person (internal quotation marks and alterations omitted)).