11-4851-cv
Brandi-Dohrn v. IKB Deutsche Industriebank

UNITED STATES COURT OF APPEALS

For the Second Circuit

_____

August Term, 2011

(Argued: January 25, 2012                                Decided: March 6, 2012)

Docket No. 11-4851-cv

_____

ANSELM BRANDI-DOHRN,

*Petitioner-Appellant*,

—v.—

IKB DEUTSCHE INDUSTRIEBANK AG,

*Respondent-Appellee.*

_____

Before: KEARSE, CABRANES, STRAUB, *Circuit Judges*.

_____

On appeal from an Order dated November 16, 2011 by the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*) granting Respondent-Appellee's motion to quash subpoenas issued pursuant to 28 U.S.C. § 1782. Under section 1782, a district court is permitted to order a person within its jurisdiction to "give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign . . . tribunal." 28 U.S.C. § 1782. The District Court ruled that the requested discovery could not be "for use" in the foreign tribunal because it was unlikely to be admitted in the foreign jurisdiction. Petitioner-Appellant argues that the District Court misconstrued the relevant statutory language and improperly attempted to predict the foreign court's outlook towards the admissibility of the evidence. After oral argument on January 25, 2012, we issued an Order reversing the District Court's November 16, 2011 Order. In view of the imminence of the foreign proceeding, we directed that the mandate should issue forthwith and noted that this Opinion would follow. We now hold that 28 U.S.C. § 1782 does not require that evidence be admissible in order to be

considered "for use" in the foreign proceeding.  Accordingly, we **REVERSE** the District Court's November 16, 2011 Order.

_____

RALPH M. STONE, Susan M. Davies, Stone Bonner & Rocco LLP, New York, NY, *for Petitioner-Appellant*.

ZACHARY D. ROSENBAUM, Lowenstein Sandler PC, New York, NY, *for Respondent-Appellee*.

_____

STRAUB, *Circuit Judge*:

Petitioner-Appellant Anselm Brandi-Dohrn appeals from an Order dated November 16, 2011 by the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*) granting Respondent-Appellee IKB Deutsche Industriebank AG's motion to quash subpoenas issued pursuant to 28 U.S.C. § 1782.  Under section 1782, a district court is permitted to order a person within its jurisdiction to "give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a).  Brandi-Dohrn sought assistance from the District Court to order discovery from three non-parties for use in a securities fraud action he filed in Germany.  On July 27, 2011, the District Court (Paul A. Crotty, *Judge*) allowed the discovery and the relevant subpoenas were issued.  However, before any discovery was produced, Respondent-Appellee moved to vacate the July 27, 2011 Order and quash the subpoenas.  The District Court granted the motion and ruled that the requested discovery could not be "for use" in the German tribunal because it was unlikely to be admitted in the foreign jurisdiction.  We **REVERSE** the District Court's November 16, 2011 Order because we conclude that the "for use" requirement is not limited to the actual receipt of materials into evidence in the foreign proceeding.  Section 1782(a) contains

2

no requirement that particular evidence be admissible in a foreign proceeding to be considered "for use in a proceeding in a foreign or international tribunal."

**BACKGROUND**

**I.      THE FOREIGN PROCEEDING**

Brandi-Dohrn is a shareholder of Appellee IKB Deutsche Industriebank AG ("IKB"), a bank located in Germany.  In July 2008, Brandi-Dohrn filed an action in Germany against IKB to seek recovery for securities fraud.  He alleges that IKB misled him into purchasing its shares by failing to disclose its significant exposure to collateralized debt obligations ("CDOs") backed by United States based subprime mortgages.  He also alleges that IKB issued a press release that falsely downplayed the impact that the ratings agencies' downgrading of the CDOs would have on the Bank's operations.

In August 2010, the German trial court (the "Landgericht") dismissed the case and, in November 2010, Brandi-Dohrn appealed the action to the German intermediate appellate court (the "Oberlandesgericht").  The German appellate court was expected to hear the appeal in February 2012.

**II.      PROCEEDINGS BEFORE THE UNITED STATES DISTRICT COURT**

Brandi-Dohrn filed an *ex parte* application in the United States District Court for the Southern District of New York to serve subpoenas for documents and depositions of three non-parties—IKB Capital Corporation, Lord Securities Corporation, and William O'Brien—for use in the German action.  The discovery relates to the issue of whether IKB was aware that its substantial exposure to subprime mortgage-backed CDOs created material risks that should have been disclosed to its investors.  Brandi-Dohrn intends to use any relevant material he is able to

3

obtain through this proceeding to convince the Oberlandesgericht to overturn the Landgericht. Brandi-Dohrn's American counsel avers that the discovery will be used in Brandi-Dohrn's pending action, but also acknowledges that Brandi-Dohrn's German counsel plans to use this discovery on behalf of other clients who have similar claims pending against IKB in Germany.

The District Court granted the application on July 27, 2011. Brandi-Dohrn issued the subpoenas shortly thereafter, but before any discovery was produced, IKB filed a motion to vacate the July 27, 2011 Order or, in the alternative, to quash the subpoenas. In support of their respective briefs, the parties submitted legal opinions of foreign counsel discussing whether the German appellate court would admit the new evidence.

On November 16, 2011, the District Court granted IKB's motion to quash the subpoenas. The District Court found troubling that Brandi-Dohrn sought this evidence in November 2011— more than a year after the German trial court dismissed the case in August 2010.

> THE COURT: I might have felt differently if you brought this before me during the trial or shortly after the trial but the trial ended August 10, 2010. The appeal began November 5, 2010. It's now a year later after the appeal and there hardly would be time to brief it before the argument of February 23, 2012 . . . .

(Conference Transcript, November 9, 2011 ("Nov. 9, 2011 Conf. Tr."), at 15.)

Although the District Court did not suspect bad faith, it did suspect that the evidence sought was actually for use in German counsel's other securities fraud cases.

> [I]t's a matter of discretion . . . and I see so little purpose that you've pointed out to me that I get the feeling this is a fishing expedition more suitable for harassment and possible use in the many other cases that are pending or sought to be brought against [IKB].

(*Id*. at 12.)

Furthermore, the District Court found that the evidence would likely not be used in the

4

foreign proceeding because Brandi-Dohrn failed to demonstrate that the Oberlandesgericht would admit the evidence:

> THE COURT: I am measuring whether you can have use in the particular proceeding on appeal in the German Appellate Court.
>
> MS. DAVIES [Counsel for Brandi-Dohrn]: And under the German Code of Civil Procedure we can use it. We can submit it to that [German] court.
>
> THE COURT: Yes, but the likelihood of use has not been shown.

(*Id*. at 15.)

Finally, after looking to German law, the District Court granted IKB's motion to quash the subpoenas:

> MR. ROSENBAUM [Counsel for IKB]: [T]his application for 1782 discovery is nothing more than a fishing expedition that is related, that is not sanctioned by the German courts absent a very, very narrow exception that, certainly, doesn't apply here.
>
> THE COURT: What is the narrow exception?
>
> MR. ROSENBAUM: Your Honor, as I understand the German law on the subject is that the only manner in which evidence that wasn't brought, at least analogous matter that wasn't brought before the trial court can be presented to the appellate court is if it was obtained without negligence on the part of the proponent.
>
> * * *
>
> THE COURT: You are telling me, are you, that if you could have gotten the evidence during the trial and you didn't, you can't bring it up during the appeal?
>
> MR. ROSENBAUM: Correct.
>
> * * *
>
> THE COURT: That's what German law says?
>
> MR. ROSENBAUM: Yes.
>
> * * *

THE COURT: Waiting all that time is an indication that this is make[weight] and not real. That's essentially your argument.

MR. ROSENBAUM: That is my argument, judge.

THE COURT: And I think that's a good argument. I think following *Euromepa S.A. versus R. Esmerian, Inc*. 154 F.3d 24 at page 28, the Second Circuit 1998 and *In Re: Ishihara Chemical Co*. 251 F.3d 120 Second Circuit 2001 in exercising my discretion the for use requirement has not been satisfied and therefore this discovery should not be had. I therefore grant the motion quashing the subpoena.

(*Id*. at 16-18.)

Based on the above reasoning, the District Court issued a Summary Order dated November 16, 2011, granting IKB's motion and quashing the subpoenas. This appeal followed. After oral argument on January 25, 2012, we issued an Order reversing the District Court's November 16, 2011 Order and reinstating the District Court's July 27, 2011 Order. In view of the imminence of the foreign proceeding, we directed that the mandate should issue forthwith and noted that this Opinion would follow.

**DISCUSSION**

**I. THE DISTRICT COURT ERRED IN QUASHING THE SUBPOENAS ISSUED PURSUANT TO 28 U.S.C. § 1782**

Brandi-Dohrn appeals the District Court's Order quashing the subpoenas, arguing that the District Court misconstrued the relevant statutory language and improperly attempted to predict the Oberlandesgericht's outlook towards the admissibility of the evidence. We agree.

**A. Applicable Law**

Our review of the District Court's decision is two-fold: (1) as a matter of law, whether the District Court erred in its interpretation of the language of the statute; and (2) if not, whether the District Court's decision to grant discovery on the facts before it was in excess of its

6

discretion. *See Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 27 (2d Cir. 1998) ("*Euromepa II*).

"A district court's ruling on a motion to quash a subpoena is reviewable for abuse of discretion." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010) "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (citations, alterations, and internal quotation marks omitted).

Title 28 United States Code section 1782 reads, in part, as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.

28 U.S.C. § 1782(a).

The goals of the statute are to provide "equitable and efficacious" discovery procedures in United States courts "for the benefit of tribunals and litigants involved in litigation with international aspects," S. Rep. No. 88-1580 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3782, 3783, and to "encourag[e] foreign countries by example to provide similar means of assistance to our courts," *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir.), *cert. denied*, 506 U.S. 861 (1992). In pursuit of these twin goals, the statute has, over the years, been given "increasingly broad applicability." *In re Gianoli Aldunate*, 3 F.3d 54, 57 (2d Cir.), *cert. denied*, 510 U.S. 965 (1993).

In ruling on an application made pursuant to section 1782, a district court must first

7

consider the statutory requirements and then use its discretion in balancing a number of factors.

We have held that a district court is authorized to grant a § 1782 request where:

> (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made,
>
> (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and
>
> (3) the application is made by a foreign or international tribunal or any interested person.

*See Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 83 (2d Cir. 2004); *see also*

*Euromepa II*, 154 F.3d at 27. It is the second issue—the "for use" requirement—that is disputed

here.

> "Once the statutory requirements are met, a district court is free to grant discovery in its

discretion," and we will review its decision for abuse thereof. *Schmitz*, 376 F.3d at 83–84

(brackets and internal quotation marks omitted). The Supreme Court has outlined a number of

factors that "bear consideration in ruling on a § 1782(a) request":

> First, when the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence . . . .
>
> Second, . . . a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance . . .
>
> [Third,] a district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.
>
> [Finally,] unduly intrusive or burdensome requests may be rejected or trimmed.

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004) (internal quotations omitted and formatting added).

Our cases acknowledge that a district court may deny the section 1782 application where it suspects that the discovery is being sought for the purposes of harassment. *See Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 n.6 (2d Cir. 1995) ("*Euromepa I*") ("[I]f the district court determines that a party's discovery application under section 1782 is made in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials, the court is free to deny the application in toto, just as it can if discovery was sought in bad faith in domestic litigation."). There are limitations on a district court's discretion, however. "[D]istrict courts must exercise their discretion under § 1782 in light of the twin aims of the statute: 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *In re Metallgesellschaft*, 121 F.3d 77, 79 (2d Cir. 1997) (quoting *Malev*, 964 F.2d at 100). "We have thus held, for example, that although there is no requirement under § 1782 that the type of discovery sought be available in the relevant foreign jurisdiction, a court may look to the nature, attitude and procedures of that jurisdiction as 'useful tool[s]' to inform its discretion." *Schmitz*, 376 F.3d at 84 (quoting *Metallgesellschaft*, 121 F.3d at 79–80).

**B.      Analysis**

Brandi-Dohrn contends that the District Court erred because it misconstrued the "for use" element of section 1782 as requiring him to demonstrate that the discovery he seeks will be admitted in the Oberlandesgericht. We agree and conclude that the District Court "based its ruling on an erroneous view of the law," *Sims*, 534 F.3d at 132, when it held that the "for use"

9

requirement of § 1782 was not satisfied because Brandi-Dohrn had not shown that the discovery he sought was likely to be admitted in the foreign proceeding. The District Court concluded that the evidence could not be "for use" in the Oberlandesgericht because, in its view, it was unlikely that the German court would admit the sought-after evidence.

In *Intel Corp. v. Advanced Micro Devices, Inc.*, the Supreme Court rejected the so-called foreign-discoverability rule and held that § 1782(a) does not "categorically bar a district court from ordering production of documents when the foreign tribunal or the 'interested person' would not be able to obtain the documents if they were located in the foreign jurisdiction." *Intel*, 542 U.S. at 259–60, 266; *see also Gianoli Aldunate*, 3 F.3d at 57, 59 ("We . . . hold[ ] that section 1782 does not require the district court to make a finding of discoverability under the laws of the foreign jurisdiction. . . . If Congress had intended to impose such a sweeping restriction on the district court's discretion, at a time when it was enacting liberalizing amendments to the statute, it would have included the statutory language to that effect.").

Although the District Court recognized this authority, it nevertheless appeared concerned with the likelihood that the discovery would be admitted in the German court:

MS. DAVIES: [T]here are numerous cases that have *held that whether or not section 1782 discovery is admissible in the foreign court is not an issue.*

THE COURT: *I'm aware of that*. . . .

\* \* \*

THE COURT: I am measuring whether you can have use in the particular proceeding on appeal in the German Appellate Court.

MS. DAVIES: And under the German Code of Civil Procedure we can use it. We can submit it to that [German] court.

THE COURT: Yes, *but the likelihood of use has not been shown.*

(Nov. 9, 2011 Conf. Tr. 12, 15 (emphases added).)  The District Court then concluded that the evidence could not be "for use" in the Oberlandesgericht because it would not be admissible there.

While *Intel* concerned the *discoverability* of evidence in the foreign proceeding, we see no reason why it should not extend to the *admissibility* of evidence in the foreign proceeding.  As in *Intel*, there is no statutory basis for any admissibility requirement.  "If Congress had intended to impose such a sweeping restriction on the district court's discretion, at a time when it was enacting liberalizing amendments to the statute, it would have included statutory language to that effect."  *See Intel*, 542 U.S. at 260 (internal quotations marks omitted).  A foreign admissibility rule would also serve "only to thwart § 1782(a)'s objective to assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws."  *Id.* at 262.  Furthermore, we need not be concerned with issues of parity because the ultimate admissibility of the evidence is determined by the foreign tribunal.  *See id.* ("Concerns about maintaining parity among adversaries in litigation likewise do not provide a sound basis for a cross-the-board foreign-discoverability rule. . . . [T]he foreign tribunal can place conditions on its acceptance of the information to maintain whatever measure of parity it concludes is appropriate.").  Here, the Oberlandesgericht is free to exclude the evidence or place conditions on its admission.  Finally, requiring a district court to apply the admissibility laws of the foreign jurisdiction would require interpretation and analysis of foreign law and such "[c]omparisons of that order can be fraught with danger."  *Id.* at 263.

11

Accordingly, as a district court should not consider the *discoverability* of the evidence in the foreign proceeding, it should not consider the *admissibility* of evidence in the foreign proceeding in ruling on a section 1782 application. We join our sister Circuits in coming to this conclusion. *See In re Asta Medica, S.A.*, 981 F.2d 1, 7 n.6 (1st Cir. 1992) ("The district court need not explore whether the information the applicants seek is admissible in the foreign jurisdiction or other issues of foreign law."), *abrogated on other grounds by Intel*, 542 U.S. 241; *John Deere Ltd. v. Sperry Corp.*, 754 F.2d 132, 138 (3d Cir. 1985) ("Nor can concern for the ultimate admissibility of the discovered material be argued as a limit on section 1782 orders."); *In re Request for Judicial Assistance from the Seoul Dist. Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) ("[F]ederal courts, in responding to [§ 1782] requests, should not feel obliged to involve themselves in technical questions of foreign law relating to . . . the admissibility before such tribunals of the testimony or material sought.").[1]

In arriving at a contrary conclusion, the District Court relied on *In re Ishihara Chemical Co.*, 251 F.3d 120 (2d Cir. 2001), *overruled by Intel*, 542 U.S. 241. The only issue addressed in

---

[1] *See also* Hans Smit, *Recent Developments in International Litigation*, 35 S. TEX. L. REV. 215, 236 (1994) (noting that it is "both unnecessary and undesirable to let the propriety of discovery with the aid of an American court depend on discoverability *and admissibility* under foreign law" (emphasis added)); Brian Eric Bomstein & Julie M. Levitt, Comment, *Much Ado About 1782: A Look at Recent Problems with Discovery in the United States for Use in Foreign Litigation Under 28 U.S.C. §1782*, 20 U. MIAMI INTER-AM. L. REV. 429, 454, 457 (1989) ("Neither the statute nor the legislative history makes reference to the admissibility of evidence as a criterion for granting a request. . . . For policy reasons, the courts are well counseled in refusing to consider the issue of admissibility under foreign law. First, attempts by U.S. courts to construe foreign evidentiary codes and rules results in a gross waste of judicial resources, particularly where even experts on the foreign law in question often disagree on the potential admissibility of the evidence sought. Second, a clear danger to comity and international relations is presented where a court familiar with one system of law attempts to declare the meaning of the laws in another legal system." (footnote omitted)).

*Ishihara*, however, was whether a foreign proceeding actually existed at the time discovery was sought. *See In re Ishihara Chem. Co.*, 251 F.3d 120, 124-25, 126 (2d Cir. 2001). The petitioner "[i]mplicitly conced[ed] that the requested evidence would not be used in the current [foreign] proceeding" and that it would be used in some speculative future proceeding. *Id.* at 123. We therefore concluded "that the discovery could not be 'for use in' the [foreign] proceeding" because there were no current foreign proceedings in which the discovery could be used. *See id.* at 124, 126. That conclusion, however, was rejected by the Supreme Court in *Intel*, 542 U.S. at 259 ("In short, we reject the view, expressed in *In re Ishihara Chemical Co.*, that § 1782 comes into play only when adjudicative proceedings are 'pending' or 'imminent.'"). Moreover, unlike in *Ishihara*, here, the parties do not dispute the presence of an imminent appeal in Germany before the Oberlandesgericht and that there are circumstances under which the Oberlandesgericht could hear new evidence—regardless of how narrow those circumstances might be. Finally, there is no other holding or dictum in *Ishihara* concerning the "for use" element of section 1782 that is applicable here.

IKB contends that, although there is no foreign admissibility requirement, the receptivity of the foreign court to the evidence sought is a relevant consideration when a district court decides how to exercise its discretion. Accordingly, IKB argues that the District Court properly concluded that, since the evidence would likely not be admitted in the proceeding before the German appellate court, it was being sought for purposes of harassment because it would be used in other cases brought by Brandi-Dohrn's German counsel.

We recognize that section 1782(a) gives discretion to the District Court, as it "'*authorizes*, but *does not require*, a federal district court to provide judicial assistance to foreign

13

or international tribunals or to "interested person[s]" in proceedings abroad."' *See Schmitz*, 376 F.3d at 84 (quoting *Intel*, 542 U.S. at 247) (emphases added by *Schmitz*). Indeed, we have affirmed denials of section 1782 applications where, although the statutory requirements of section 1782 were met, the twin goals of the statute were not. *See Schmitz*, 376 F.3d at 81 ("In denying the application, the district court explained that although petitioners had met the statutory requirements of § 1782, granting discovery in this case would run counter to the statute's aims of assisting foreign courts and litigants and encouraging foreign jurisdictions to provide reciprocal assistance to American courts. Accordingly, the court exercised its discretion to deny the application. . . . [W]e affirm the judgment of the district court."); *Marubeni Am. Corp. v. LBA Y.K.*, 335 F. App'x 95, 97 (2d Cir. 2009) (summary order) (affirming the District Court's denial of a § 1782 application, where the District Court found the statutory § 1782 requirements were met but that the discretionary factors militated in favor of denial).

Here, however, we must reverse the District Court because it underpinned its conclusion on—and erroneously applied—the statutory "for use" requirement:

> THE COURT: I think following *Euromepa S.A. versus R. Esmerian, Inc.* 154 F.3d 3 24 at page 28, the Second Circuit 1998 and *In Re: Ishihara Chemical Co.* 251 F.3d 120 Second Circuit 2001 in exercising my discretion *the for use requirement has not been satisfied and therefore this discovery should not be had*. I therefore grant the motion quashing the subpoena.

(Nov. 9, 2011 Conf. Tr. 18 (emphasis added).)

Accordingly, for the reasons stated above, the District Court exceeded its allowable discretion by "bas[ing] its ruling on an erroneous view" of § 1782's "for use" requirement. *See Sims*, 534 F.3d at 132. We therefore reverse.

14

## CONCLUSION

The District Court's November 16, 2011 Order quashing subpoenas made pursuant to 28 U.S.C. § 1782 is **REVERSED**.