12-1926-cv
Brown v. N.Y.C. Dep't of Educ.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand thirteen.

PRESENT:
> BARRINGTON D. PARKER,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*,
> JOHN G. KOELTL,[*]
> *District Judge.*

_____

Nurchett Brown,
> *Plaintiff-Appellant*,

      v.                                   12-1926-cv

New York City Department of Education, Dennis M. Walcott, Chancellor of the New York City Department of Education,

> *Defendants-Appellees.*[**]

_____

---

[*] The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of Court is directed to amend the official caption in the case to conform to the caption listed above.

FOR PLAINTIFF-APPELLANT: Seidia R. Bernard, Roach Bernard, PLLC, Lynbrook, NY.

FOR DEFENDANTS-APPELLEES: Victoria Scalzo, Kristin M. Helmers, and Eric Eichenholtz, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-appellant Nurchett Brown appeals from the District Court's grant of summary judgment as to Brown's discrimination, retaliation, and hostile work environment claims brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq.; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq. She also challenges the District Court's decision to quash two subpoenas. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

I.    Discrimination, Retaliation, and Hostile Work Environment Claims

We review de novo the District Court's grant of summary judgment, construing the evidence in the light most favorable to Brown and drawing all inferences in her favor. See Nagle v. Marron, 663 F.3d 100, 104-05 (2d Cir. 2011). For substantially the reasons set forth in the District Court's order entered April 11, 2012, we conclude that summary judgment was appropriate.

2

First, the District Court correctly concluded that Brown's hostile work environment claim was time-barred. No act contributing to the allegedly hostile work environment at M.S. 50 occurred within 300 days of Brown's complaint to the Equal Employment Opportunity Commission. See 42 U.S.C. § 2000e-5(e)(1); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109-10 (2002). The letter notifying Brown of her termination cannot save her hostile work environment claim, because her termination was a separate and discrete act. See Patterson v. Cnty. of Oneida, 375 F.3d 206, 220 (2d Cir. 2004) ("[T]he mere fact that an employee was dismissed within the statutory period cannot be used to pull in a time-barred discriminatory act . . . .") (alteration and quotation marks omitted).

Second, even assuming that Brown made out a prima facie case of discrimination with regard to her termination, she failed to present evidence that the legitimate, nondiscriminatory reason articulated by the New York City Department of Education (the "DOE") – that she no longer qualified for an H-1B visa – was a pretext for discrimination. Even if Brown were correct that the DOE erred in concluding that she was ineligible for an H-1B visa while on unpaid suspension, the record is devoid of evidence indicating that that reason was a pretext for discrimination rather than simply a good faith mistake. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993).

Similarly, Brown's retaliation claims fail because there is no admissible record evidence of a causal connection between her alleged 2006 harassment charges concerning Ms. Jamison and her termination in 2008 by Mr. Ianniello. Even if there were such evidence, as stated above, the DOE has proffered a legitimate reason for its termination decision, which Brown has not rebutted.

3

Finally, keeping in mind that we should undertake an "independent liberal" analysis of Brown's NYCHRL claims, Bennett v. Health Mgmt. Sys., Inc., 936 N.Y.S.2d 112, 116 (1st Dep't 2011); see Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 278 (2d Cir. 2009), our review of the record confirms that there is no genuine dispute of material fact with regard to whether discrimination or retaliation played a role in Brown's termination.

II.     Subpoenas

The District Court quashed two of Brown's subpoenas for the depositions of DOE witnesses because they were untimely.   We review that decision for abuse of discretion.  See Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 79 (2d Cir. 2012).   On August 12, 2011, the District Court set a discovery cut-off date of December 15, 2011.   On December 21, 2011, the court extended the discovery period by two months, to February 16, 2012, and stated that there would be no further extensions.   Brown waited until approximately thirteen days after the February cut-off date to issue deposition subpoenas to defendants' witnesses, and Brown has provided no explanation for the delay.   Nor did Brown raise any alleged discovery problems with the District Court at the pretrial conference at the close of discovery.   Accordingly, the District Court did not abuse its discretion in quashing the subpoenas.

We have considered Brown's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4