14-2150
*Nascimento v. Delta Bank and Trust Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand fifteen.

PRESENT:  RICHARD C. WESLEY,
　　　　　DEBRA ANN LIVINGSTON,
　　　　　DENNY CHIN,
　　　　　　　　*Circuit Judges.*

———————————————————————

CARLOS ROBERTO ORTIZ NASCIMENTO,

　　　　　　　*Plaintiff-Appellant,*

　　-v.-　　　　　　　　　　　　　　No. 14-2150

LUCIA FARIA,

　　　　　　　*Intervenor-Appellee,*

DELTA BANK AND TRUST COMPANY,

　　　　　　　*Defendant.*

———————————————————————

FOR APPELLANT:     V. DAVID RIVKIN, Carlton Fields Jorden Burt P.A., New York, NY.

FOR APPELLEE:     CHAYA F. WEINBERG-BRODT (Hollis Gonerka Bart, *on the brief*), Withers Bergman LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Berman, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Carlos Roberto Ortiz Nascimento ("Nascimento") appeals from an order of the United States District Court for the Southern District of New York, granting Intervenor-Appellee Lucia Faria's ("Faria") motion to quash a subpoena served on Defendant Delta Bank and Trust Company ("Delta Bank") pursuant to a prior discovery order under 28 U.S.C. § 1782.

The District Court held that although it was authorized to uphold the discovery order because Section 1782's statutory requirements were satisfied, it would in its discretion grant Faria's motion to quash the Delta Bank subpoena.

The District Court found that Nascimento's Section 1782 application — filed (i) after related Brazilian family court proceedings were litigated to judgment and pending on appeal, and (ii) over thirteen years after Nascimento was first made aware that a subpoena was needed — was "inexcusably untimely" and not an "efficient means of assistance" to the Brazilian proceedings.

A district court "is not required to grant a [Section] 1782(a) discovery application simply because it has the authority to do so*." Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). Rather, once statutory requirements are met, "a district court is free to grant discovery in its discretion." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012) (internal quotation marks omitted). The court has abused that discretion if its decision is based on "an erroneous view of the law or on a clearly erroneous assessment of the evidence, or [it has] rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks and citations omitted).

Specifically, this Court has recognized that "[d]istrict courts must exercise their discretion under [Section] 1782 in light of the twin aims of the statute: 'providing efficient means of assistance to participants in international litigation

3

in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Brandi-Dohrn*, 673 F.3d at 81 (quoting *In re Metallgesellschaft*, 121 F.3d 77, 79 (2d Cir. 1997)). Here, the District Court's order quashing the Delta Bank subpoena — because Nascimento's discovery efforts were "inexcusably untimely" and would not provide an "efficient means of assistance" to the foreign proceedings — was not an abuse of the court's discretion.

We have considered all of Nascimento's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the order of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4