15-57-cv
*In re Application of Gorsoan Ltd., et al. v. Bullock, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand sixteen.

Present:
> PETER W. HALL,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges.*

───────────────────────────────────────────

IN RE APPLICATION OF GORSOAN LIMITED AND
GAZPROMBANK OJSC FOR AN ORDER PURSUANT TO
28 U.S.C. 1782 TO CONDUCT DISCOVERY,

> *Plaintiff–Appellee*,

> v.                                                             No. 15-57-cv

JANNA BULLOCK, STUART ALAN SMITH, RIGROUP LLC,
ZOE BULLOCK REMMEL,

> *Defendants-Appellants.*

───────────────────────────────────────────

For Plaintiff-Appellee:                        Kenneth S. Leonetti, Caroline S. Donovan,
                                               Foley Hoag LLP, Boston, Mass.


For Defendants-Appellants:                     Janna Bullock, pro se, New York, NY.

Stuart A. Smith, pro se, New York, NY.

Zoe Bullock Remmel, pro se, New York, NY.

RIGroup LLC, pro se, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal of RIGroup LLC is **DISMISSED** and the orders of the district court are **AFFIRMED**.

Appellants Janna Bullock, Stuart Alan Smith, RIGroup LLC, and Zoe Bullock Remmel, proceeding pro se, appeal two orders of the district court. The first order denied Appellants' motion to quash subpoenas issued pursuant to 28 U.S.C. § 1782, which permits parties interested in certain foreign legal proceedings to use United States district courts to compel discovery in aid of those proceedings. 28 U.S.C. § 1782; *Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 114-15 (2d Cir. 2015). Appellees Gorsoan Limited and Gazprombank OJSC sought assistance from the district court to order discovery from the Appellants for use in a fraud action filed in Cyprus. The second order denied reconsideration of the first order. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We address first the appeal brought by Appellant RIGroup LLC. Appellant Smith initially represented all Appellants on appeal, but after filing briefs, Smith was relieved as counsel to Bullock, Remmel, and RIGroup LLC. Because "a corporation cannot generally appear in federal court except through its lawyer," *Jacobs v. Patent Enforcement Fund, Inc.,* 230

F.3d 565, 568 (2d Cir. 2000), RIGroup LLC was notified that it would be deemed in default if an attorney did not file a notice of appearance on its behalf by March 14, 2016. To date no attorney has filed a notice of appearance on behalf of RIGroup LLC. We thus dismiss the appeal as to RIGroup LLC.

We turn next to the arguments advanced by the remaining Appellants. A district court has the authority to grant a § 1782 application if three statutory requirements are satisfied: (1) "the person from whom discovery is sought resides (or is found)" within the court's district; (2) "the discovery is for use in a foreign proceeding before a foreign tribunal"; and (3) "the application is made by a[n] . . . interested person." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). If these statutory requirements are met, a district court may exercise its discretion to grant the § 1782 application. *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015). Appellants do not dispute the district court's determination that Gorsoan's application satisfied the statutory requirements.

In exercising its discretion, a district court should consider the "twin aims" of § 1782: (1) providing efficient means of assistance to participants in international litigation and (2) encouraging foreign countries to provide such assistance to our courts. *Id*. at 297–98. The district court may also consider four factors set forth by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc*. 542 U.S. 241, 264–65 (2004): (1) whether the information sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent § 1782 aid; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or [the] court . . . to U.S. federal-court jurisdictional assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-

3

gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery request is "unduly intrusive or burdensome" or "sought for the purposes of harassment." *Brandi-Dohrn*, 673 F.3d at 80–81. When a party challenging the district court's decision argues that it misapplied these factors, we review the decision for abuse of discretion. *Lancaster Factoring Co. v. Mangone*, 90 F.3d 38, 42 (2d Cir. 1996). We also review the denial of a motion to quash a subpoena for abuse of discretion. *Brandi-Dohrn*, 673 F.3d at 79.

Appellants argue that the district court abused its discretion when it misapplied the first, third, and fourth *Intel* factors. We address each factor in turn.

The first *Intel* factor instructs district courts to consider whether the requested discovery is within the foreign tribunal's jurisdictional reach and thus accessible without § 1782 aid. *Id.* at 80. Indisputably, Remmel, Smith, and RIGroup are not parties to the Cyprus proceedings, and so the first *Intel* factor weighs in favor of discovery against them. On appeal, Appellants argue that discovery should not be permitted because Bullock and Solferino Development SA, a corporation allegedly involved in the fraud at issue in the Cypriot proceedings, were parties to those proceedings. This argument is unpersuasive for two reasons. First, Gorsoan did not seek § 1782 discovery from Solferino. Second, although "the need for § 1782(a) aid *generally* is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad," *Intel*, 542 U.S. at 264 (emphasis added), participation in the foreign proceedings does not automatically foreclose § 1782 aid. Here, the district court weighed Bullock's non-compliance with her discovery obligations in the foreign proceedings. Considering that one of the twin aims of § 1782 aid is to assist foreign courts and litigants, the district court's conclusion that the first *Intel* factor weighed in Gorsoan's favor was not an abuse of discretion.

4

The third *Intel* factor instructs district courts to consider whether the § 1782 application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States. Appellants assert that the § 1782 application sought to circumvent Cypriot proof-gathering restrictions because it sought deposition testimony that is beyond the scope of discovery authorized under Cyprus law. This argument fails. There is no "requirement that evidence sought in the United States pursuant to § 1782(a) be discoverable under the laws of the foreign country that is the locus of the underlying proceeding." *In re Application for an Order Permitting Metallgesellschaft AG to take Discovery*, 121 F.3d 77, 79 (2d Cir. 1997). A district court, moreover, may not refuse a request for discovery pursuant to § 1782 because a foreign tribunal has not yet had the opportunity to consider the discovery request. *Id.* The district court did not abuse its discretion in applying the third *Intel* factor.

Finally, under the fourth *Intel* factor the court must analyze whether the subpoena contains unduly intrusive or burdensome requests. Appellants argue that the discovery in question is meant to harass Bullock and steal her assets. A district court may deny a discovery request if it is sought for the purpose of harassment. *Brandi-Dohrn*, 673 F.3d at 81. Nothing in the record in this case, however, supports the Appellants' argument, nor is there any indication that the district court abused its discretion in its considering this factor.

We decline to address Appellants' argument based on Article 5 of the Hague Convention, which they raised for the first time in their motion for reconsideration. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 53 (2d Cir. 2012) (explaining that we "generally will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration" (alterations omitted)).

We have considered all of Appellants' arguments and find them to be without merit. Accordingly, we **DISMISS** the appeal of RIGroup LLC, and we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6