17-658-cv
In re Application of Hornbeam Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand eighteen.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

---

IN RE APPLICATION OF HORNBEAM CORPORATION,

---

PANIKOS SYMEOU,
*Intervenor-Appellant*,

v.                                                                No. 17-658-cv

HORNBEAM CORPORATION,
*Appellee*.

---

APPEARING FOR APPELLANT:        BRUCE MARKS, Marks & Sokolov LLC, Philadelphia, Pennsylvania (Steven Cooper, Samuel Kadosh, Reed Smith LLP, New York, New York, *on the brief*).

APPEARING FOR APPELLEE:    DENNIS H. TRACEY, III (David R. Michaeli, *on the brief*), Hogan Lovells US LLP, New York, New York.

Appeal from a final order of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the orders entered on September 17, 2015, and February 17, 2017, are AFFIRMED.

Intervenor Panikos Symeou appeals from denials of his motions (1) to vacate an *ex parte* order authorizing Appellee Hornbeam Corporation ("Hornbeam") to compel document discovery from banks and other entities within the Southern District of New York for use in an anticipated action in the British Virgin Islands ("BVI") against Halliwel Assets Inc. ("Halliwel") and its related persons and entities, *see* 28 U.S.C. § 1782; and (2) for relief from that order, *see* Fed. R. Civ. P. 60(b). We assume the parties' familiarity with the underlying facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

A district court is authorized to grant a § 1782 application if (1) "the person from whom discovery is sought resides (or is found)" within the court's district, (2) "the discovery is for use in a foreign proceeding before a foreign tribunal," and (3) "the application is made by a[n] . . . interested person." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). If the statutory requirements are met, the court is free to grant discovery, and we will review its decision only for abuse of discretion. *See id.*

2

Symeou argues that the district court erred in concluding that the second requirement was satisfied because no foreign proceeding was then pending or contemplated. Precedent does not demand that the foreign proceeding be "pending" or "imminent"; rather, a § 1782 applicant "must present to the district court some concrete basis from which it can determine that the contemplated proceeding is more than just a twinkle in counsel's eye." *Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 123–24 (2d Cir. 2015).

The district court concluded that a foreign proceeding was within reasonable contemplation at the time of Hornbeam's § 1782 application, and we agree. As the district court observed in its December 24, 2014 authorization order, Hornbeam previously brought two related actions in the BVI against Halliwel and represented that it intended to initiate further litigation once it obtained additional information. This provides a sufficiently "concrete basis" for a "contemplated [foreign] proceeding." *Id.* at 124.

In urging otherwise, Symeou observes that Hornbeam was subject to an $846,526 judgment in the BVI as a result of the prior actions and that Hornbeam could not proceed on any new claims in the BVI until it satisfied that judgment. Neither the outstanding judgment, nor Hornbeam's delay in satisfying it, however, brings a foreign proceeding outside of reasonable contemplation, particularly where Hornbeam stated its intent to return to the BVI, articulated a theory on which it intended to litigate, and had the financial ability to pay the judgment. *See In re Application of Bracha Found.*, 663 F. App'x 755, 763–64 (11th Cir. 2016) (concluding foreign proceeding "within reasonable

3

contemplation" for purposes of Hornbeam's § 1782 application in Northern District of Alabama).[1]

Symeou further relies on the fact that Vadim Shulman—the individual for whom Hornbeam holds in trust shares of Halliwel common stock—*subsequently* brought suit in England to argue that Hornbeam did not, in fact, contemplate further proceedings in the BVI. That fact is not properly considered on appeal, however, because we must "assess the indicia of whether the contemplated proceedings were within reasonable contemplation *at the time the § 1782 application was filed." Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d at 124 (emphasis added) (considering "the facts as they were presented to the district court" and declining to consider import of later-filed action). Accordingly, we identify no error in the district court's determination that Hornbeam satisfied the § 1782 statutory requirements.

A district court's discretion under § 1782 "must be exercised in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Mees v. Buiter*, 793 F.3d 291, 297–98 (2d Cir. 2015) (internal quotation marks omitted). The Supreme Court has identified certain factors as relevant to a § 1782 ruling, two of which are disputed here: (1) the "receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial

---

[1] The BVI Commercial Court imposed the judgment on December 10, 2014. Hornbeam filed its *ex parte* § 1782 application in the Southern District of New York on December 19, 2014. Due to "highly contested proceedings" in the BVI, Hornbeam did not pay the full amount of the judgment against it until November 14, 2016.

4

assistance," and (2) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004). Symeou argues that Hornbeam's obligation to satisfy the outstanding BVI judgment before commencing another suit there provides "a clear statement that BVI courts would not receive any evidence from the United States." Intervenor Br. at 46. We are not persuaded because the BVI judgment only imposed a filing prerequisite and does not speak to the foreign jurisdiction's receptiveness to the specific discovery sought in Hornbeam's § 1782 application. Accordingly, we conclude that the district court—once authorized—did not abuse its discretion in granting discovery under § 1782.

Symeou contends that, even if § 1782 discovery was properly granted, the district court nonetheless erred in denying his motions to vacate and to reconsider. These challenges are meritless.

Although Symeou argues that the district court improperly granted Hornbeam's § 1782 application *ex parte*, this court has decided appeals from motions to quash *ex parte* § 1782 subpoenas without identifying any impropriety in the *ex parte* nature of the § 1782 application. *See Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d at 78, 84; *Nat'l Broad. Co. v. Bear Stearns & Co.*, 165 F.3d 184, 186–91 (2d Cir. 1999); *see also Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*."). In any event, Symeou has identified no prejudice stemming from the *ex parte* nature of the proceedings. The district court permitted Symeou to intervene, considered

5

Symeou's motion to vacate the § 1782 discovery order, and entered a protective order governing the materials Hornbeam obtained as a result of that order.

As for the district court's refusal to sanction Hornbeam by vacating the § 1782 authorization order and quashing any ensuing subpoenas, we review only for abuse of discretion, and identify no such abuse here. *See Southern New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 143 (2d Cir. 2010) (sanctions); *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (motion to quash); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010) ("A court abuses its discretion when its decision rests on an error of law or on a clearly erroneous factual finding or [when] its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." (internal citations and quotation marks omitted)).

Symeou sought sanctions against Hornbeam on two grounds: (1) its failure to disclose certain information in its *ex parte* § 1782 application, and (2) its failure to provide prior notice of subpoenas issued under the § 1782 authorization order, in violation of Fed. R. Civ. P. 45(a)(4). In rejecting the first argument, the district court concluded that, even assuming an ethical violation occurred, the court would not vacate its § 1782 order as a sanction because the newly presented facts did not alter its initial discovery ruling. Such a decision was well within the district court's discretion. As for the notice failure, the district court found Hornbeam not to have complied with Rule 45(a)(4). *See* 28 U.S.C. § 1782(a) (stating that, unless authorization order provides otherwise, subpoenaed documents shall be produced in accordance with Federal Rules of

6

Civil Procedure); Fed. R. Civ. P. 45(a)(4) (requiring that notice and copy of subpoena commanding production of documents must be served on each party before it is served on person to whom it is directed). Nevertheless, it declined to vacate or quash, finding that Symeou did not establish prejudice from the lack of notice. Instead, the district court directed Hornbeam to provide Symeou with copies of all previously issued subpoenas and to allow Symeou to inspect all materials produced in response. Having reviewed the record, we identify no abuse of discretion on the part of the district court.

Finally, Symeou argues that the district court improperly afforded Hornbeam overbroad discovery and failed to direct Hornbeam to destroy unrelated records containing confidential information. "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012). The record shows that the district court carefully considered Hornbeam's discovery request and gave proper attention to its scope, narrowing the range of documents initially sought in the § 1782 application and later entering a protective order covering certain responsive materials. We conclude that the district court's discovery orders and these subsequent actions manifest no abuse of discretion.

We have considered Symeou's remaining arguments and conclude that they are without merit. For the reasons stated, the district court's orders are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7