*Aguila Energia e Participações Ltda. v. JPMorgan Chase & Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand twenty-five.

Present:

> WILLIAM J. NARDINI,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

───────────────────────────────────────────

AGUILA ENERGIA E PARTICIPAÇÕES LTDA.,

> *Petitioner-Appellant*,

> v.                                                      24-2133-cv

JPMORGAN CHASE & CO.,

> *Respondent-Appellee*.\*

─────────────────────────────────────

| | |
|---|---|
| *For Petitioner-Appellant*: | CHRISTOPHER G. MICHEL (John Scanlon, *on the brief*), Quinn Emanuel Urquhart & Sullivan, LLP, Washington, D.C.; Gabriela M.B. Scanlon, MB Scanlon PLLC, Washington, D.C. |

---

\* The Clerk of Court is respectfully directed to amend the caption as reflected above.

*For Respondent-Appellee*:           ANTON METLITSKY (Abby Rudzin, Allen W. Burton, Lauren Wagner, *on the brief*), O'Melveny & Myers LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (John G. Koeltl, *District Judge*), denying a petition for foreign discovery under 28 U.S.C. § 1782.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED.**

Petitioner-Appellant Aguila Energia e Participações Ltda. ("Aguila") appeals from an order entered July 10, 2024, by the United States District Court for the Southern District of New York (John G. Koeltl, *District Judge*) quashing its subpoena for documents from Respondent-Appellee JPMorgan Chase & Co. ("JPMorgan Chase"). Aguila sought discovery pursuant to 28 U.S.C. § 1782 from JPMorgan Chase in aid of contemplated foreign civil and criminal actions against JPMorgan Chase's Brazilian subsidiary, Banco J.P. Morgan S.A. ("JPMorgan Brazil"), for allegedly obstructing Aguila's attempts to purchase, at auction, oil and gas assets owned by Petroleo Brasileiro S.A. ("Petrobras"). The district court granted Aguila's request under § 1782 to issue a subpoena to JPMorgan Chase, which JPMorgan Chase subsequently moved to quash. Adopting the report and recommendation of a magistrate judge, the district court granted that motion. *See Aguila Energia e Participções Ltda. v. JPMorgan Chase & Co.*, No. 22-mc-00228(JGK), 2024 WL 3373416 (S.D.N.Y. July 10, 2024). Aguila now appeals from the grant of the motion to quash, arguing (1) that the district court improperly placed the burden on Aguila to show that JPMorgan Chase had possession, custody, or control of responsive documents, and (2) that, in any event, Aguila submitted sufficient evidence to meet such an evidentiary burden.

2

We assume the parties' familiarity with the case, and further assume for purposes of this appeal that Aguila preserved the arguments upon which it now relies.

We review "[a] district court's ruling on a motion to quash a [§1782] subpoena . . . for abuse of discretion." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 79 (2d Cir. 2012).

We need not delve into the niceties of which party should have borne the burden of proof, because we discern no abuse of discretion in the district court's ruling either way. The parties fully joined issue on whether JPMorgan Chase had possession, control, or custody of the requested documents, and the evidence and arguments presented to the district court fully supported its ruling. Section 1782(a) authorizes a district court to provide discovery assistance "for use in a proceeding in a foreign or international tribunal . . . in accordance with the Federal Rules of Civil Procedure," 28 U.S.C. § 1782(a), which require a subpoenaed party to produce documents that are in their "possession, custody, or control," *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) (emphasis removed).

The district court correctly reviewed JPMorgan Chase's motion to quash the § 1782 subpoena under ordinary discovery rules, which provide that "a party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain." *Id.* It was effectively undisputed that JPMorgan Chase did not have *possession* or *custody* of the requested documents: JPMorgan Chase repeatedly represented on the record that it had no documents that were responsive to Aguila's subpoena, and Aguila presented no contrary evidence on that point. The case therefore turned exclusively on the question of whether JPMorgan Chase had *control* of the documents at issue. On this point, JPMorgan argued that its mere status as a holding company

3

did not give it control over documents possessed by its subsidiaries. We have held that a district court acts within its discretion when reaching such a conclusion. *See, e.g.*, *Effecten-Spiegel AG v. Lynch*, 771 F. App'x 38, 39 (2d Cir. 2019) (summary order) (affirming the denial of a § 1782 petition seeking documents from two corporate entities where the district court concluded, among other things, that the petition was an attempt to use those entities "to obtain discovery from a separately incorporated foreign subsidiary"). Aguila did not meaningfully rebut that argument, and instead relied primarily on a computer expert's report stating, in relation to a handful of emails from the underlying dispute, that some of the email addresses in the header information had domain names (such as jpmchase.net and jpmorgan.com) that were associated with different J.P. Morgan-related entities, including in one instance "JPMorgan Chase Bank, National Association" (a company headquartered in Delaware, which Aguila claims is a subsidiary one step removed from parent JP Morgan Chase). But the expert report shed no light on whether those domains were used exclusively by any particular J.P. Morgan entity, much less where any of the emails in question might be stored. At best, the expert provided information that the originating Internet Protocol address for certain emails was located in "New York City"—a fact that does not tell us which if any J.P. Morgan corporate entities controlled the particular servers on which any such emails might now be stored. Accordingly, we cannot say that the district court here exceeded its "broad discretion over the issuance of discovery orders" in granting JPMorgan Chase's motion to quash Aguila's § 1782 subpoena. *In re Edelman*, 295 F.3d 171, 181 (2d Cir. 2002).

Because we conclude that the district court acted within its discretion in granting JPMorgan Chase's motion to quash Aguila's subpoena, we need not reach Aguila's separate contention that the district court misapplied the Supreme Court's "non-exclusive factors" for evaluating § 1782

4

petitions discussed in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

*     *     *

We have considered Aguila's remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe,
Clerk of Court