# SUPREME COURT.

FRANCIS McMULKIN *and* CHARLES HOVEY, executors, &c., agt. SILAS E. BATES.

In an action brought by plaintiffs as executors to compel defendant to complete a contract to purchase a house and lot of plaintiffs, executors of the last will and testament of Thomas Kerr, deceased, which plaintiffs agreed to convey under the will, supposing in good faith that they had such power, and on the coming in of the report of the referee the judgment of the court was that the plaintiffs had no such power under the will to convey:

*Held*, that the defendant cannot now be remunerated for the improvements made by him upon the premises. He should have made his examination of the plaintiffs' power and of the testator's title prior to such outlay.

*Held*, that the defendant should be allowed, however, against the sum of $180, found to be the rental value of the premises, while occupied by him, the taxes for 1868, 1869 and 1870 paid by him. The sum also of $500 on account of the purchase-money and the interest paid on the balance of the several amounts of the purchase-money.

As to the *costs* properly allowable in such case, see judge BRADY's second opinion of November 1, 1873.

*New York Special Term, December*, 1873.

THIS action was brought to compel defendant to complete a contract to purchase a house and lot of plaintiffs, executors of the last will and testament of Thomas Kerr, deceased, which plaintiffs agreed to convey under the will, they supposing that they had such power.

This action, so far as this relief sought is concerned, has been disposed of by the judgment of this court to the effect that the plaintiffs have no power under the will to convey.

The defendant had in his answer a counter-claim for

damages and for money paid to the plaintiffs under the contract on account of the purchase.

The claims now to be discussed are :

1. For rent to be paid and allowed by defendant for the premises; and, 2d. For money paid out by defendant for altering and repairing the dwelling-house on the property so as to suit the wishes of the defendant, and for taxes on the property, and for draining some water in the highway opposite the place.

I. The claims which defendant makes, and which remain for consideration and determination here, are for moneys spent on the property of persons not parties to this action and not represented by any one in this action, viz., the heirs of Thomas Kerr.

The judgment in this action denying the relief sought by the plaintiffs denies it on the ground that the trust created by the will is void, and that the plaintiffs have no title, and that no one can convey but the heirs of Thomas Kerr.

To answer this objection the defendant contends that the plaintiffs must be adjudged to pay personally, and not out of the estate in whose behalf and interest the action was brought.

1. The plaintiffs claim that they acted in good faith in making this contract and in bringing this action.

The defendant does not set up any fraud or pretend that the plaintiffs acted in bad faith. They did what they supposed to be their duty as trustees, and what they honestly supposed and were advised they had a legal right to do ; no case or precedent can be found to authorize a judgment that they personally shall pay this money.

2. If the plaintiffs were acting in their own right and not as executors, the defendant could only recover back the consideration money paid, but could not recover expenses incurred in making improvements, whether of a permanent or a temporary nature (*Peters* agt. *McKeon* 4 *Denio*, 550, *approved in Conger* agt. *Weaver*, 20 *N. Y.*, 145).

McMulkin agt. Bates.

In *Conger* agt. *Weaver* it was held that only nominal damages can be recovered in cases like this.

Such improvements are never allowed when the person making them had an equitable title, and the legal title is in another where there has been neither fraud or acquiescence on the part of the latter, after he had knowledge of his legal rights (*Putnam* agt. *Ritchie*, 9 *Paige*, 390, *approved in Gilbert* agt. *Peteller*, 38 *N. Y.*, 170).

" The defendant should have looked into the title and ascertained whether it was likely to prove satisfactory, before he took possession " and made the expenditure thereon (*Peters* agt. *McKeon* 4 *Denio*, 550).

In this case (*Peters* agt. *McKeon*), the court held that there is no reason for the allowance of payment for these improvements (*Baldwin* agt. *Munn*, 2 *Wend* 399).

The case cited by the defendant, from 24 *Barb.*, 100 (*Brinkerhoff* agt. *Phelps*), was placed upon the grounds that the vendor knew he had no title, or of a dishonest refusal to convey because a better price could be obtained from another purchaser (*Conger* agt. *Weaver*, 20 *N. Y.*, *at page* 146).

The other cases cited by defendant, in 9 *Peters* and in 1 *Story Circuit Reports*, are entirely dissimilar to this case.

3. The owners of this property are, as the case now stands here, the heirs of Thomas Kerr, and not represented here ; neither they nor their property can be touched in this action by any judgment herein.

II. The claim for rent to be allowed to plaintiffs out of the moneys which the defendant paid on account of the contract, amounts, at thirty dollars per month, for four years, to $1,440.

The defendant has had possession of the property during the whole time, and actually occupied it as a residence for over six months of the year 1868, and has had charge of it since he ceased to occupy it as a residence, endeavoring to sell or rent it. The property has been out of our possession all this time.

The defendant has had the sole use and benefit of it.

The plaintiffs should be allowed the whole rent.

In *Gilbert* agt. *Peteller* (38 *N. Y.*, 171), the expenses were incurred " in exact accordance with the requirements upon which the plaintiffs insisted, and which he provided for in the contract" (*Conger* agt. *Weaver*, 20 *N. Y.*, 140).

Only nominal damages can be recovered for failure by vendor to perform where contract is made without fraud, by reason of his inability to make a good title. *Baldwin* agt. *Munn* (2 *Wend*, 399) holds that the vendor cannot recover expenses removing to or improving the land; cited and approved in *Conger* agt. *Weaver*.

In *Putnam* agt. *Ritchie* (6 *Paige*, 390), the chancellor refused to make an allowance for improvements in good faith, where the title turned out to be void.

Geo. S. Stitt, *attorney for plaintiffs.*

Brady, *J.*—The defendant in this action, relying upon the ability of the plaintiffs to give him a legal title after the contract of sale and purchase, made improvements upon the premises which involved a large outlay. He was under no obligation by his contract to do it, and it was done, therefore, for his own benefit and advantage. The plaintiffs were not chargeable with bad faith or fraud. There is nothing shown which warrants the belief that they knew that they had no right to convey, and they did not refuse to do so. On the contrary, they were anxious to complete the contract, but the defendant refused, alleging as a reason that they could not, under the will which made them executors and trustees, convey a good title. In this he was right. His expenditures were premature, however. He should have made his examination of the plaintiffs' power and of the testator's title prior to such outlays as he made, and in that way protected himself against loss. He cannot now be remunerated for the improvements made. The laws of this state, as expounded on that

McMulkin agt. Bates.

subject, are adverse to his right thereto. Damages in such a case as this to the vendee, where the' contract of sale was made in good faith and without fraud, and where there was no refusal to perform, cannot be recovered. The rules of the civil law to the contrary do not prevail in this state (*Putnam* agt. *Ritchie,* 6 *Paige,* 390; *Conger* agt. *Weaver,* 20 *N. Y. R.,* 140; *Gilbert* agt. *Peteller,* 38 *id.,* 165). The defendant should be allowed, however, against the sum of $180, found to be the rental value of the premises while occupied by him, the taxes for 1868, 1869 and 1870 paid by him. The sum also of $500 paid on account of the purchase-money and the interest paid on the balance of the purchase-money, the several amounts of which are set forth in the schedule annexed to the referee's report. The order to be entered herein on the referee's report, therefore, must conform to these views. Whatever conclusions I might adopt were the question new, I consider myself advised and therefore controlled by the authorities cited, and the cases in them considered and approved.

Ordered accordingly.

BRADY, *J.*—The proceeding before the referee was not a trial within the provisions of the Code (*Taaks* agt. *Schmidt,* 24 *How.* 340; *Randolph* agt. *Foster,* 4 *Abb.* 262). The trial fee allowed was, therefore, not taxable.

The allowance of sixty dollars may stand. This is not an action for an adjudication upon a will or instrument in writing. The contract of sale was not in dispute in any respect, and the question presented, upon examination of the will, which was part of the plaintiff's case, was incidentally raised and disposed of. The plaintiffs claimed that under it they had the power to sell and convey, which the defendant denied. The action being one for specific performance, it became necessary for the plaintiffs to establish their right to convey, and, for that purpose, they produced and relied upon the will. It was thus introduced as evidence and considered in that relation. If the action were one to obtain an adjudi-

McMulkin agt. Bates.

cation upon a will, or was one of the actions named in section 308, the defendant could not be allowed costs, as I understand the decision in *Downing* agt. *Marshall* (37 *N. Y. Rep.*, 380). This is not one of those actions. It is for specific performance, and is a difficult case in which a defense was interposed. This brings it within section 309 (*See Seguine* agt. *Seguine* 3 *Abb.*, *N. S.* 442).

Ordered in accordance with these views.