Giegerich, J.
This motion is made on behalf of the defendant for a re-taxation of costs so as to strike out *425 two items, one being an item of $22.50 “ allowance by statute ” and the other an item of $2.65 for “ recording contract.” The complaint alleges a contract between the plaintiff and the defendant whereby the plaintiff agreed to purchase certain real property of the defendant and that the plaintiff paid $250 on account of the purchase price. The prayer for relief asks for specific performance or that in the event that it should not be possible for the defendant to carry out his contract with the plaintiff judgment be rendered in favor of the plaintiff for the sum of $250 paid on account, together with a reasonable charge for the examination of the title. The decision of the court was that the defendant when he executed the contract did not, because of mental infirmity, understand its. effect, but that the plaintiff was not informed of this and acted in good faith. The court further found that the contract was void and of no effect. The judgment awarded was that the plaintiff recover his damages sustained, being the amount of $250, with interest thereon, “ besides the expenses of the examination of the title, including a counsel fee of $50, and that said sums be declared a lien and charge against the said premises, with costs, which are hereby awarded to the plaintiff against the defendant to be taxed.” The attorney for the plaintiff does not make clear in his brief in opposition to the motion just what statutory provision he considers supports the taxation or what his theory is. He merely relies upon McMulkin v. Bates, 46 How. Pr. 405. That case was decided under the former Code. The court said: “ It (the action) is for specific performance, and is a difficult case in which a defense was interposed. This brings it within section 309. ’ ’ From this language of the court it is plain that the allowance there was based upon the theory of a difficult case, which equivalent provision is now con *426 tained in section 3253 of the present Code. Allowances under that section are made by the court in its discretion, however, while the allowances permitted by section 3252 are statutory allowances and are computed by the clerk upon the taxation of costs. § 3262. Turning to section 3252,1 am unable to find any class of actions there specified which would warrant the present taxation. This action is to enforce specific, performance, and the only provision in section 3252 that might by any construction be held to embrace such an action is the phrase ‘ ‘ to compel the determination of a claim to real property;” but inasmuch as this phrase is one used elsewhere in the Code •(§ 1638) to designate a class of actions and inasmuch as the definition of the expression as there used (§§ 1638, 1639) clearly fails to include an action for specific performance, I think it must be held that it was not intended by the use of the words in section 3252 to embrace such an action as the present or any action except those set forth in section 1638 and the following sections, constituting article 5 of chapter lé, title 1, of the Code of Civil Procedure. Even if section 3252 did include an action for specific performance, there would be a question whether under the form of judgment rendered in this case the section would apply; but that question need not be discussed. With respect to the item taxed for recording the contract of sale, I do not know, and the plaintiff does not cite, any authority for including that item. I am aware of no general provision for taxing such a disbursement, nor can I find any authority for such taxation in the terms of the judgment rendered. The motion for retaxation is therefore granted, with ten dollars costs.
Motion granted, with ten dollars costs.