23-380
*In re: Application of Bonsens.org for an Order*
*Pursuant to 28 U.S.C. § 1782 to Conduct Discovery*
*for Use in a Foreign Proceeding*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term 2023

(Argued: January 24, 2024          Decided: March 11, 2024)

No. 23-380

————————————————————

IN RE: APPLICATION OF BONSENS.ORG FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT
DISCOVERY FOR USE IN A FOREIGN PROCEEDING

————————————————————

APPLICATION OF BONSENS.ORG, FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT
DISCOVERY FOR USE IN A FOREIGN PROCEEDING,

*Applicant-Appellant,*

-v.-

PFIZER INC.,

*Respondent-Appellee.*[*]

————————————————————

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

1

Before:   LIVINGSTON, *Chief Judge*, JACOBS and LOHIER, *Circuit Judges*.

Applicant-Appellant BonSens.org ("BonSens") filed an application in the United States District Court for the Southern District of New York (Furman, *J.*) seeking discovery under 28 U.S.C. § 1782 from Respondent-Appellee Pfizer Inc. ("Pfizer") for use in a suit BonSens initiated against the French government in France. After BonSens filed its § 1782 application, an intermediate French administrative court affirmed the dismissal of BonSens' suit for lack of jurisdiction. Having appealed that decision to the Conseil d'État, the highest French administrative court, BonSens contends that its requested discovery, pertaining to certain communications between Pfizer's CEO and the President of the European Commission, is relevant to issues pending in the French appeal. The district court disagreed, denying BonSens' § 1782 application on the ground that it was not "for use" in the French proceeding. We hold that BonSens' requested discovery is irrelevant to the jurisdictional issue on appeal in France and that the prospect of a merits review in that proceeding is too speculative to satisfy the statutory "for use" requirement. Therefore, the district court properly denied BonSens' § 1782 application and the judgment of the district court is **AFFIRMED**.

FOR APPLICANT-APPELLANT:   SONAL JAIN, Siri & Glimstad LLP, New York, NY.

FOR RESPONDENT-APPELLEE:   BENJAMIN W. GRAHAM (Joseph G. Petrosinelli, *on the brief*), Williams & Connolly LLP, New York, NY.

DEBRA ANN LIVINGSTON, *Chief Judge*:

Applicant-Appellant BonSens.org ("BonSens") appeals from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*) denying its application for discovery pursuant to 28 U.S.C. § 1782. That statute permits a district court, "upon the application of any interested person," to order

2

a person within its jurisdiction "to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). BonSens, a non-profit association consisting of "concerned scientists, medical doctors, legal experts and citizens," A-10–11, ¶ 9, filed a § 1782 application seeking discovery from Respondent-Appellee Pfizer Inc. ("Pfizer") in the form of documents or communications between Pfizer's CEO, Albert Bourla, and the President of the European Commission, Ursula von der Leyen, regarding the Advance Purchase Agreement ("APA") entered into by Pfizer, BioNTech Manufacturing GmbH ("BioNTech"), and the European Commission. The APA was executed in November 2020, during the height of the COVID-19 pandemic, "for the development, production, priority-purchasing options and supply of . . . successful COVID-19 vaccine[s] for EU Member States." A-30, ¶ 16. BonSens sought that discovery to aid in its lawsuit in France challenging the legality of certain provisions of the APA under French law.

The district court denied BonSens' application, holding that the requested discovery was not "for use" in BonSens' pending appeal before the Conseil d'État, the highest French administrative court. For the reasons stated below, we

3

conclude that the district court properly denied BonSens' § 1782 application. Accordingly, the judgment of the district court is **AFFIRMED**.

## BACKGROUND

### I. Factual Background

BonSens filed this § 1782 application to aid in its prosecution of the French action. As part of its strategy to "restore common sense" to issues involving "human health . . . , the health of society, the health of the economy and the health of the planet," A-10–11, ¶ 9, BonSens filed a complaint in the Administrative Court of Paris challenging the APA and the French government's execution of an order form pursuant thereto. Specifically, BonSens sought to nullify the APA's indemnification clause in which each participating Member State agreed to "indemnify and hold harmless" Pfizer, BioNTech, and their affiliates for certain losses "arising from or relating to the use and deployment of the [COVID-19 vaccines] in the jurisdiction of the Participating Member State in question." A-66. The Administrative Court of Paris dismissed BonSens' complaint for lack of jurisdiction, based on the APA's choice-of-law and forum selection clause specifying that Belgian law governs the APA and that "any dispute or claim

4

[arising] under or in connection" with the APA or any order form is subject to the exclusive jurisdiction of the Belgian courts.   A-68–69.

BonSens appealed that decision to the Paris Administrative Court of Appeal, reasserting its argument that the APA's indemnification clause is contrary to French public contract law and requesting that the appellate court annul the indemnification clause.   The Paris Administrative Court of Appeal affirmed the lower court's jurisdictional dismissal, concluding that "only the Courts located in Brussels, in Belgium, have jurisdiction to hear the challenging of [the agreements'] validity or of some of their clauses."   A-382–83.   BonSens appealed that ruling to the Conseil d'État, the highest administrative court in France, which has not yet resolved the appeal.

## II.    Procedural Background

BonSens filed the instant § 1782 application seeking discovery for use in the French proceeding while its appeal to the Paris Administrative Court of Appeal was pending.   That court rendered its decision on January 27, 2023, before the district court had ruled on the § 1782 application, prompting the district court to order BonSens to show cause why its application should not be dismissed as moot. After further briefing from BonSens and Pfizer, the district court denied BonSens'

5

application on the ground that BonSens lacks "the practical ability" to use the requested discovery in the French proceeding. SPA-1 (internal emphasis and citation omitted). The district court's dismissal was without prejudice, such that BonSens may refile its § 1782 application in the event it is "ultimately successful" before the Conseil d'État. SPA-1 (citation omitted). BonSens timely appealed the dismissal of its § 1782 application.

## DISCUSSION

On appeal, BonSens argues that the district court erroneously interpreted the statutory "for use" requirement and improperly failed to consider the discretionary factors identified in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). BonSens therefore requests that we reverse the judgment below and remand for further proceedings. We decline to do so, however, as neither of BonSens' arguments on appeal has merit.

### I. Applicable Law

On appeal from a denial of an application for § 1782 discovery, we review *de novo* the "interpretation" of the statute; and if the statute was construed correctly, we review the decision to deny discovery for abuse of discretion. *IJK Palm LLC v. Anholt Servs. USA, Inc.*, 33 F.4th 669, 676 (2d Cir. 2022) (citation

6

omitted).   If the district court resolves a § 1782 application "solely on statutory grounds," without "reach[ing] the discretionary factors," our review is *de novo*. *Certain Funds, Accts. and/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 117 (2d Cir. 2015) ("*KPMG*").

To obtain § 1782 discovery, an applicant must satisfy three statutory prerequisites: "(1) the person or entity from whom discovery is sought 'resides' or is 'found' in the district where the application is made; (2) the requested material is 'for use' in a foreign proceeding; and (3) 'the application is made by a foreign or international tribunal or any interested person.'"   *IJK Palm*, 33 F.4th at 675 (quoting *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012)).

If the district court determines that the statutory prerequisites are satisfied, it is "free to grant discovery in its discretion."   *Brandi-Dohrn*, 673 F.3d at 80 (citation omitted).   In exercising its discretion, the district court must consider "the twin aims of the statute": "providing efficient means of assistance to participants in international litigation in our federal courts"; and "encouraging foreign countries by example to provide similar means of assistance to our courts." *In re Metallgesellschaft AG*, 121 F.3d 77, 79 (2d Cir. 1997) (citation omitted).   The

7

Supreme Court has also identified four discretionary factors relevant to the district court's exercise of discretion: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," (3) whether "the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the requested discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–65.

## II. The "For Use" Requirement

BonSens challenges the district court's interpretation of the second statutory prerequisite providing that "the requested material [must be] 'for use' in a foreign proceeding." *IJK Palm*, 33 F.4th at 675 (citation omitted). BonSens argues that, contrary to the district court's holding, it has a "practical ability" to use the requested discovery in the French appellate proceeding because the Conseil d'État allows for the submission of new evidence at any stage of the appeal, and the discovery is relevant to both the threshold jurisdictional question and the merits

of the dispute. We disagree in light of the determination of the Paris courts that they lack jurisdiction over the foreign dispute.

The "for use" statutory prerequisite assesses "the *practical ability* of an applicant to place a beneficial document—or the information it contains—before a foreign tribunal." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 131 (2d Cir. 2017). To satisfy this requirement, in other words, the requested discovery must "be employed with some advantage or serve some use in the proceeding." *Id.* at 132 (citation omitted); *see also Mees v. Buiter*, 793 F.3d 291, 295 (2d Cir. 2015) ("A § 1782 applicant satisfies the statute's 'for use' requirement by showing that the materials she seeks are to be used at some stage of a foreign proceeding."). Although we have suggested that an applicant may satisfy the "for use" requirement if "there are circumstances under which the [foreign tribunal] could hear new evidence—regardless of how narrow those circumstances might be," *Brandi-Dohrn*, 673 F.3d at 83, our precedent makes clear that an applicant must still demonstrate that the intended use of the discovery is more than merely speculative. Thus, an applicant who cannot identify a "procedural mechanism by which [to] inject the discovery . . . into foreign proceedings" will not meet the "for use" standard. *IJK Palm*, 33 F.4th at 680; *see also Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 29 (2d

9

Cir. 1998) ("*Euromepa II*") ("[T]he discovery certainly could not be 'for use in' the French [Cour de Cassation] appeal if that court does not take and hear new evidence."). Nor will an applicant who fails to demonstrate that the evidence is minimally relevant to the foreign proceeding. *See KPMG*, 798 F.3d at 120 n.7 ("[I]t is difficult to conceive how information that is plainly irrelevant to the foreign proceeding could be said to be 'for use' in that proceeding."). A qualifying proceeding under the statute need not be "pending," or "imminent," but must still be "within reasonable contemplation." *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 100 (2d Cir. 2020) (quoting *Intel*, 542 U.S. at 259).

If an applicant's ability to initiate a proceeding in which the requested discovery may be used "depends on some intervening event or decision," the applicant must "provide an objective basis on which to conclude that the event will occur or the requisite decision will be favorable." *IJK Palm*, 33 F.4th at 680. In *IJK Palm*, for example, we found that a proceeding was not "within reasonable contemplation," when the litigant faced "a series of procedural hurdles under [foreign] law before it [could] present any evidence to [the foreign] court." *Id.* One of those hurdles was seeking "leave of the [foreign] court" to bring a double-derivative suit, a prospect that we found to be "uncertain at best" on the record

10

presented to us. *Id.* Thus, the prospect of a proceeding where discovery can be put to "use" as required by § 1782 must be "more than merely speculative." *Mangouras*, 980 F.3d at 101.

BonSens' assertion that the Conseil d'État will consider the requested discovery as part of BonSens' jurisdictional appeal is similarly speculative, as is the possibility that the Conseil d'État will proceed to a merits review of the case. Our review of the record indicates that the requested discovery is not relevant to the jurisdictional question that is currently on appeal to the Conseil d'État. *See KPMG*, 798 F.3d at 120 n.7. BonSens' attempt to convince us otherwise invites us to delve into a "battle-by-affidavit of international legal experts" that is beyond the scope of our review in the § 1782 context. *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1099 (2d Cir. 1995) ("*Euromepa I*"). We decline that invitation as antithetical to the "twin aims" of § 1782, *id.* at 1100, and as unnecessary in this case. One expert declaration submitted in support of BonSens' § 1782 application opines that the requested discovery is directly relevant to BonSens' argument that the forum selection and choice-of-law clause is unenforceable as a product of *fraus omnia corrumpit*, or fraud. BonSens, however, submitted another expert declaration stating that "the scope of appellate review [in France] depends upon

11

the issues the appellant raises in its referral to the court." A-366–67, ¶ 8. Our review of the record suggests that BonSens did not assert a *fraus omnia corrumpit* argument before any of the lower French courts as a basis for disregarding the APA's forum selection and choice-of-law clause or for establishing jurisdiction in France. Therefore, BonSens provides no more than speculation that the Conseil d'État will consider the *fraus omnia corrumpit* argument in assessing the jurisdictional issue.

The requested discovery could be relevant to the extent the Conseil d'État considers the merits of the dispute. But, at this stage of the proceeding, there is no "objective basis" from which we can conclude that the Conseil d'État's decision on the jurisdictional issue "will be favorable" to BonSens. *IJK Palm*, 33 F.4th at 680. Rather, the record indicates that two French courts have summarily dismissed BonSens' action on jurisdictional grounds. Based on those decisions, it can fairly be said that a reversal by the Conseil d'État on the jurisdictional issue is "uncertain at best," and BonSens has "not carried its burden to show that" a merits proceeding is "within reasonable contemplation." *Id.* Accordingly, the district court did not err in dismissing BonSens' § 1782 application pending the Conseil d'État's decision on the jurisdictional question.

12

### III. The *Intel* Factors

Having concluded that the district court did not err in determining that the "for use" prerequisite was not met, we can identify no abuse of discretion in the district court's decision to forgo consideration of the *Intel* factors.

### CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court dismissing BonSens' § 1782 application.