22-1075-cv(L)
*In The Matter of the Application of Isabella Hranov*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand twenty-five.

Present:
> ROBERT D. SACK
> MICHAEL H. PARK,
> EUNICE C. LEE,
>  *Circuit Judges.*

---

DR. ISABELLA HRANOV,

   *Applicant-Appellant*,

    v.

DEUTSCHE BANK AG,

   *Respondent-Appellee.*[*]

22-1075(L)
24-1520 (Con)

---

| | |
|---|---|
| FOR APPLICANT-APPELLANT: | STUART M. RIBACK, Scott Watnik, Wilk Auslander LLP, New York, NY. |
| FOR RESPONDENT-APPELLEE: | JOSHUA DORCHAK, Melissa Boey, Morgan, Lewis & Bockius LLP, New York, NY. |

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Applicant-Appellant Isabella Hranov sought discovery under 28 U.S.C. § 1782 from Respondent-Appellee Deutsche Bank AG ("Deutsche Bank") in aid of a German lawsuit. Deutsche Bank moved to quash Hranov's subpoena, the district court granted the motion, and this Court stayed the appeal pending the outcome of reconsideration. Hranov then served a second subpoena, this time against Deutsche Bank Trust Corporation ("DBTC"), and the district court granted DBTC's motion to quash. This Court consolidated Hranov's appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"To obtain § 1782 discovery, an applicant must satisfy three statutory prerequisites: (1) the person or entity from whom discovery is sought 'resides' or is 'found' in the district where the application is made; (2) the requested material is 'for use' in a foreign proceeding; and (3) the application is made by a foreign or international tribunal or any interested person." *In re BonSens.org*, 95 F.4th 75, 79 (2d Cir. 2024) (cleaned up). "Once a district court is assured that it has jurisdiction over the petition, it may grant discovery under § 1782 in its discretion." *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 244 (2d Cir. 2018) (quotation marks omitted).

2

"To guide district courts in the decision to grant a Section 1782 petition, the Supreme Court . . . discussed non-exclusive factors." *Kiobel*, 895 F.3d at 244. *First*, "when the person from whom discovery is sought is a participant in the foreign proceeding," the "need for § 1782(a) aid generally is not as apparent." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). *Second*, district courts "may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government . . . to U.S. federal-court judicial assistance." *Id*. *Third*, district courts can "consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id*. at 265. *Fourth*, "unduly intrusive or burdensome requests may be rejected or trimmed." *Id*. Those four "*Intel* factors are not to be applied mechanically," and so district courts should account for "any other pertinent issues arising from the facts." *Kiobel*, 895 F.3d at 245.

"Review of a decision regarding a § 1782(a) order proceeds in two steps: first, we construe *de novo* the language of the statute; and, then, if necessary, we decide whether the district court abused its discretion in deciding the case." *In re Edelman*, 295 F.3d 171, 175 (2d Cir. 2002). Here, Hranov argues that the district court erred in quashing each of her subpoenas. We disagree.

In quashing the first subpoena, the district court held that Deutsche Bank is not "found" in the Southern District of New York. In the alternative, the district court held that the discretionary factors "weigh strongly" against Hranov, giving "particular weight to the first and fourth *Intel* factors." Special App'x at 1, 13. The district court did not abuse its discretion in its *Intel*

3

analysis, so we need not decide whether Deutsche Bank is "found" in New York for purposes of § 1782.[1]

Deutsche Bank is a party to the German action, and "when the real party from whom documents are sought . . . is involved in foreign proceedings, the first *Intel* factor counsels against granting a Section 1782 petition." *Kiobel*, 895 F.3d at 245. That is because a "foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Intel Corp.*, 542 U.S. at 264. Hranov argues that a "party to a German lawsuit cannot demand categories of documents from his opponents," only documents that she can "identify specifically." Appellant's Br. at 19. But the fact "[t]hat a country does not enable broad discovery within a litigation does not mean that it has a policy that restricts parties from obtaining evidence through other lawful means." *Mees v. Buiter*, 793 F.3d 291, 303 n.20 (2d Cir. 2015). And Hranov has not shown that the documents she seeks are "unobtainable absent § 1782(a) aid." *Intel Corp.*, 542 U.S. at 264.

The fourth *Intel* factor further supports the district court's decision because the "bulk" of the requested materials were located outside of the United States. Special App'x at 14. Hranov argues that Deutsche Bank "had no difficulty summoning up documents from multiple countries on multiple continents for its own purposes." Appellant's Br. at 30. But "the ultimate question of burdensomeness is within the district court's discretion to decide, and not ours." *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 159 (2d Cir. 2022). And a district court

---

[1] To the extent that § 1782's prerequisites are jurisdictional, "we may assume hypothetical jurisdiction" because "the jurisdictional issue is statutory in nature." *Butcher v. Wendt*, 975 F.3d 236, 242 (2d Cir. 2020).

4

"*must* limit the frequency or extent of discovery . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Frasers Grp. PLC v. Stanley*, 95 F.4th 54, 60 (2d Cir. 2024) (quotation marks omitted).

Hranov's defense of her second subpoena fares no better. The district court found that the first *Intel* factor weighed "heavily against" her, as DBTC is a holding company with no access to the requested discovery. Special App'x at 28. That decision recognized that "for all intents and purposes," Hranov sought discovery from Deutsche Bank—her "opponent" in the German action—despite "technically" subpoenaing DBTC. *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 85 (2d Cir. 2004). And Hranov's concern that the district court's decision "sets up a 'foreign exclusivity' rule" is misplaced. Appellant's Br. at 12. The district court held only that an attempt to "end-run directly seeking discovery from their adversaries in the foreign proceeding" flouts the first *Intel* factor. Special App'x at 32 (quotation marks omitted). We see no abuse of discretion in that holding.

\*　　\*　　\*

We have considered Hranov's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5