*In re Kipperband*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-five.

Present:
>  RICHARD C. WESLEY,
>  MICHAEL H. PARK,
>  BETH ROBINSON,
>  *Circuit Judges.*

---

IN RE: DUSSAN DAVID KIPPERBAND, IVAN KIPPERBAND, AND MARA KIPPERBAND.

---

DUSSAN DAVID KIPPERBAND, IVAN KIPPERBAND, MARA KIPPERBAND,

>  *Applicants-Appellees*,

>  v.                                                        24-2627

MARLEN KIPPERBAND,

>  *Intervenor-Appellant.*\*

---

FOR APLLICANTS-APPELLEES:          THOMAS P. VANDENABEELE (*with* Dmitriy Bogorodskiy *on the brief*), Kellner Herlihy Getty & Friedman, LLP, New York, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR INTERVENOR-APPELLANT:   TAI H. PARK (*with* Peter R. Bryce, Whiteman Osterman & Hanna LLP, Albany, NY *on the brief*), Tai Park PLLC, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Applicants-Appellees Dussan David Kipperband, Ivan Kipperband, and Mara Kipperband seek to obtain records of wire transfers from fourteen financial institutions. The district court granted Applicants' request under 28 U.S.C. § 1782. Intervenor Marlen Kipperband appeals that decision. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"To obtain § 1782 discovery, an applicant must satisfy three statutory prerequisites: (1) the person or entity from whom discovery is sought 'resides' or is 'found' in the district where the application is made; (2) the requested material is 'for use' in a foreign proceeding; and (3) the application is made by a foreign or international tribunal or any interested person." *In re BonSens.org*, 95 F.4th 75, 79 (2d Cir. 2024) (quotation marks omitted). "Once a district court is assured that it has jurisdiction over the petition, it may grant discovery under § 1782 in its discretion." *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 244 (2d Cir. 2018) (quotation marks omitted).

"To guide district courts in the decision to grant a Section 1782 petition," the Supreme Court has provided four "non-exclusive factors." *Kiobel*, 895 F.3d at 244; *see generally Intel*

2

*Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). These "*Intel* factors are not to be applied mechanically," and district courts should account for "any other pertinent issues arising from the facts." *Kiobel*, 895 F.3d at 245.

Marlen argues that the district court erred in granting discovery for two reasons. First, she claims that the discovery is not "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). Although Marlen concedes that Applicants are parties to foreign proceedings, she says it is "mere speculation" that Applicants will use the financial records that they seek in those proceedings. Marlen Br. at 30. Second, Marlen argues that the district court abused its discretion because it misapplied the first, third, and fourth *Intel* factors.

"We review de novo the district court's interpretation of the statutory requirements of § 1782." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015). We review the district court's application of the *Intel* factors for abuse of discretion. *Id.* at 297 n.7.

## I.    "For Use" Requirement

The district court granted discovery "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). Marlen argues it is "mere speculation" that Applicants will make use of the financial records that the district court allowed them to subpoena. Marlen Br. at 30. But Applicants did not need to show "that the discovery [they] sought was likely to be admitted in the foreign proceeding." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 81 (2d Cir. 2012). It is sufficient that the records are "minimally relevant" to the subject-matter of the foreign litigation. *BonSens.org*, 95 F.4th at 80; *see also Brandi-Dohrn*, 673 F.3d at 82 (explaining that courts "should not consider the *admissibility* of evidence in the foreign proceeding").

3

## II.    *Intel* **Factors**

The district court did not misapply the first, third, or fourth *Intel* factors.    The first factor instructs that "when the person from whom discovery is sought is a participant in the foreign proceeding," the "need for § 1782(a) aid generally is not as apparent."    *Intel*, 542 U.S. at 264. Marlen argues that Applicants seek financial records relating to herself and her brother Benjamin, who are participants in the foreign proceedings.    But although the records relate to Marlen and Benjamin, Marlen has not shown that they have the ability to produce the records.    So Marlen and Benjamin are not "the real part[ies] from whom documents are sought."    *Kiobel*, 895 F.3d at 245; *cf*. *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 85 (2d Cir. 2004) ("Although technically the respondent in the district court was Cravath, for all intents and purposes petitioners are seeking discovery from DT, their opponent in the German litigation.").

The third *Intel* factor advises courts to "consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions."    542 U.S. at 265.    Marlen argues that Applicants "conceal" a foreign court ruling requiring Applicants to comply with certain procedural requirements.    It is true that Applicants did not attach the order in question, but Marlen does not argue that the absence of the order constitutes an attempt to *circumvent restrictions on discovery*.    Indeed, Marlen makes no showing that the foreign forum has more restrictive discovery practices that Applicants are attempting to evade.    In any event, the fact that "a country does not enable broad discovery within a litigation does not mean that it has a policy that restricts parties from obtaining evidence through other lawful means."    *Mees*, 793 F.3d at 303 n.20.    "[A] § 1782 application should not be rejected on the ground that the discovery would not be available in the foreign proceedings."    *Id.*

4

The fourth *Intel* factor provides that "unduly intrusive or burdensome [discovery] requests may be rejected or trimmed." 542 U.S. at 265. District courts "should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *Mees*, 793 F.3d at 302. Here, Marlen argues that it is "mere speculation" that the financial records will be used in the foreign proceedings, so Applicants' request is too broad and intrusive.

The district court did not abuse its discretion in concluding otherwise. The burden of producing the financial records affects only the third parties that must respond to the subpoenas, and they have not moved to quash. *Cf. Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) (holding that a party objecting to a § 1782 subpoena may not assert a privilege waived by a non-party). The discovery sought is not unduly intrusive because Marlen still "may apply to the District Court for a protective order or for other relief as necessary to appropriately limit discovery." *Fund for Prot. of Inv. Rts in Foreign States. v. AlixPartners, LLP*, 5 F.4th 216, 232 (2d Cir. 2021) (cleaned up), *rev'd on other grounds sub nom. ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619 (2022).

\* \* \*

We have considered Marlen's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**. Applicants' motions to take judicial notice and stay discovery are **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5