24-3187-cv (L)
*In Re: Application of Loudmila Bourlakova*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand twenty-five.

Present:

> JON O. NEWMAN,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges.*

———————————————————————

IN RE APPLICATION OF LOUDMILA
BOURLAKOVA AND VERONICA
BOURLAKOVA TO TAKE DISCOVERY FOR
USE IN A FOREIGN PROCEEDING PURSUANT
TO 28 U.S.C. § 1782

———————————————————————

LOUDMILA BOURLAKOVA, VERONICA
BOURLAKOVA,

> *Petitioners-Appellees*,

v.                                                                24-3187-cv, 25-49-cv

VERA KAZAKOV, NIKOLAI KAZAKOV,

> *Intervenors-Appellants*.\*

———————————————————————

For Petitioners-Appellees:          E. SCOTT SCHIRICK (Alan M. Mendelsohn, *on the brief*), Alston & Bird LLP, New York, NY.

---

\* The Clerk of Court is respectfully directed to amend the case caption as indicated above.

For Intervenors-Appellants:  NICOLE A. SULLIVAN, White and Williams LLP, New York, NY.

Appeal from two orders of the United States District Court for the Southern District of New York (J. Paul Oetken, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Petitioners-Appellees' motion to dismiss is **DENIED** and the orders of the district court are **AFFIRMED**.

Intervenors-Appellants Vera and Nikolai Kazakov appeal from two orders of the United States District Court for the Southern District of New York (J. Paul Oetken, *District Judge*), entered on November 20, 2024, and December 20, 2024, denying their requests for relief related to Petitioners-Appellees Loudmila and Veronika Bourlakova's application for discovery under 28 U.S.C. § 1782. The Bourlakovas have moved to dismiss for lack of jurisdiction the portion of the Kazakovs' appeal that pertains to the December 20, 2024, order. We assume the parties' familiarity with the case.

On February 20, 2024, the Bourlakovas filed an *ex parte* § 1782 application requesting permission to subpoena Clearing House Payments Company L.L.C. ("CHIPS") to obtain discovery for use in a proceeding pending in the High Court of Justice, Business and Property, Courts of England and Wales (the "U.K. Proceeding"). The Bourlakovas initiated the U.K. Proceeding in 2020, alleging that Loudmila's estranged husband, Oleg Bourlakov, fraudulently dissipated family assets by transferring them to the Kazakovs. On February 22, 2024, the district court granted the Bourlakovas' application. The Kazakovs subsequently sought permission to intervene. On November 20, 2024, the district court granted the Kazakovs' motion to intervene but denied their

2

request that it vacate its February 22, 2024, order and quash the corresponding subpoena. On December 3, 2024, the Kazakovs timely appealed the November 20, 2024, order.

On December 2, 2024, CHIPS notified the Kazakovs' counsel that, on November 27, 2024, it produced the subpoenaed records. The Kazakovs then filed a motion to compel the Bourlakovas to provide copies of all the materials CHIPS had produced. The district court denied that motion without prejudice and directed the parties to meet and confer. After the parties' meeting, the Bourlakovas produced only those CHIPS materials that referenced the Kazakovs and their daughter. The Kazakovs then renewed their motion to compel. On December 20, 2024, the district court denied the motion "without prejudice to any determination in the U.K. Proceeding that the [Kazakovs] may be entitled to additional disclosure of the relevant discovery." Special App'x at 1. On January 3, 2025, the Kazakovs timely appealed the December 20, 2024, order.

## I.      November 20, 2024, Order

We reject the Kazakovs' challenge to the district court's November 20, 2024, order denying their request that it vacate its February 22, 2024, order granting the Bourlakovas' § 1782 application and quash the subpoena that had been served on CHIPS. We review *de novo* a district court's determination that an application meets § 1782's statutory requirements. *In re del Valle Ruiz*, 939 F.3d 520, 526 (2d Cir. 2019).[1] If § 1782's statutory requirements have been met, we review for abuse of discretion the district court's "decision to grant discovery on the facts before it." *IJK Palm LLC v. Anholt Servs. USA, Inc.*, 33 F.4th 669, 676 (2d Cir. 2022). Likewise, "[a] district court's ruling on a motion to quash a subpoena is reviewable for abuse of discretion." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 79 (2d Cir. 2012).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

First, the district court did not err in concluding that the Bourlakovas' application sought discovery "for use in a proceeding in a foreign or international tribunal," as required by § 1782(a). Section 1782's "for use" requirement "assesses the practical ability of an applicant to place a beneficial document—or the information it contains—before a foreign tribunal." *In re BonSens.org*, 95 F.4th 75, 80 (2d Cir. 2024). Here, the Kazakovs do not assert that the Bourlakovas have no practical ability to use the subpoenaed records in the U.K. Proceeding. Instead, they argue that the Bourlakovas' withdrawal of their request for a "world-wide freezing order" in the U.K. Proceeding defeated the utility of at least some of the discovery they sought. Appellants' Br. at 33. But, despite the withdrawal of the freezing order request, there is no dispute that the Bourlakovas continued to pursue their claims that Oleg and the Kazakovs concealed, misappropriated, and dissipated Bourlakov family assets. Thus, records of bank transfers between Oleg, the Kazakovs, and entities they controlled were at least "minimally relevant" to the U.K. Proceeding. *See In re BonSens.org*, 95 F.4th at 80. We therefore reject the Kazakovs' argument that the district court erred in concluding that the Bourlakovas' application met § 1782's "for use" requirement.

Next, the district court acted well within its discretion in concluding that the factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), weighed in favor of granting the Bourlakovas' application. The Kazakovs argue that the district court was required to reject the Bourlakovas' application because they allegedly acted in bad faith by submitting a report in the U.K. Proceeding that contained false information. But the Bourlakovas specifically disclosed in their § 1782 application that the Kazakovs were "disput[ing] the authenticity of" documents produced in connection with the U.K. Proceeding. App'x at 11. The district court

4

permissibly credited the Bourlakovas' disclosure of that dispute in declining to find that their § 1782 application was "made in bad faith." *Mees v. Buiter*, 793 F.3d 291, 302 n.18 (2d Cir. 2015).

We likewise reject the Kazakovs' arguments that the Bourlakovas' failure to disclose litigation pending between the parties in Florida state court mandated denial of their application, and that the district court granted the application based on a misunderstanding of the scope of that litigation.[2] The Kazakovs have not pointed to any indication in the record that the Bourlakovas affirmatively misrepresented the Florida litigation or used their § 1782 application to circumvent an adverse Florida state court discovery ruling or protocol.

Finally, we reject the Kazakovs' argument that the district court improperly permitted the Bourlakovas to seek unduly broad and intrusive discovery from CHIPS. As discussed, the Bourlakovas sought discovery that was relevant to their claims that Oleg dissipated family assets by transferring them to the Kazakovs. The district court had "broad discretion" to grant such discovery. *In re Edelman*, 295 F.3d 171, 181 (2d Cir. 2002).

## II.    December 20, 2024, Order

Before reaching the question of whether the district court abused its discretion in its December 20, 2024, order denying the Kazakovs' motion to compel, we must address the Bourlakovas' assertion that we lack jurisdiction to review that order.

As a practical matter, the § 1782 proceeding in the district court has ended. The Bourlakovas argue that the case has not reached a final decision because the district court denied the Kazakovs' motion to compel "without prejudice to any determination in the U.K. Proceeding

---

[2] In addressing this argument, we grant the Kazakovs' unopposed motions requesting that we take judicial notice of (1) the dockets of the two pertinent Florida state court actions, Ct. App. Dkt. 66, and (2) certain discovery requests served in those actions, Ct. App. Dkt. 38, 47. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

that the [Kazakovs] may be entitled to additional disclosure of the relevant discovery." Special App'x at 1. The Bourlakovas read this statement to mean that, if the U.K. court determines that the Kazakovs are entitled to further access to the CHIPS materials, they may return to the district court and seek production of those materials under U.S. discovery rules. This misreads the district court's ruling, which merely observes that its decision does not tie the hands of the judge in the U.K. Proceeding. The district court's order was final, and so we have jurisdiction under 28 U.S.C. § 1291 to review it. *See Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 67 (2d Cir. 2011) (concluding that this Court had jurisdiction under § 1291 to review an order that "plainly ended [the] case in the district court as a practical matter").

We therefore turn to the merits of the Kazakovs' challenge to the district court's denial of their motion to compel production of all the materials CHIPS produced. "We will not disturb a district court's ruling on a motion to compel discovery unless there is a clear showing of abuse of discretion." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999). The Kazakovs have made no such showing here. Although district courts have in some § 1782 proceedings required applicants to permit other parties to inspect subpoenaed materials, *see In re Hornbeam Corp.*, No. 14 Misc. 424 (Part 1), 2015 WL 13647606, at *9 (S.D.N.Y. Sept. 17, 2015), *aff'd*, 722 F. App'x 7 (2d Cir. 2018), the Kazakovs have identified no binding authority requiring such access in all cases. Instead, they rely on the 2013 Advisory Committee Notes to Federal Rule of Civil Procedure 45(a)(4). At the outset, the text of Rule 45(a)(4) says nothing about access to subpoenaed materials; all it does is establish a party's obligation to notify other parties of a subpoena before serving it "on the person to whom it is directed." The relevant committee notes could not expand the scope of that rule, and (unsurprisingly) do not purport to do so. The Committee Notes simply (1) clarify that Rule 45 does not "limit the court's authority" to order

6

access to such materials, (2) advise parties seeking access to subpoenaed materials to "follow up with the party serving [the subpoena] or the person served to obtain such access," and (3) suggest that parties serving subpoenas should "make reasonable provision for prompt access" to such materials. Fed. R. Civ. P. 45(a) advisory committee's notes to 2013 amendment. Such precatory language in a committee note hardly suggests that the district court abused its discretion in declining to order the Bourlakovas to share the discovery.

\*　　\*　　\*

We have considered the Kazakovs' remaining arguments and find them unpersuasive. For the foregoing reasons, we **DENY** the Bourlakovas' motion to dismiss this appeal in part, and we **AFFIRM** both orders of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk