25-1626-cv
In Re: Application of Yulia Guryeva-Motlokhov
for an Order Seeking Discovery Pursuant to 28 U.S.C. § 1782

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand twenty-six.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
SARAH A. L. MERRIAM,
*Circuit Judges*.

------------------------------------------------------------------

IN RE: APPLICATION OF YULIA GURYEVA-MOTLOKHOV FOR AN ORDER SEEKING DISCOVERY PURSUANT TO 28 U.S.C. § 1782

------------------------------------------------------------------

YULIA GURYEVA-MOTLOKHOV,

*Claimant-Appellant*,

v.

No. 25-1626-cv

GASTON ALPHONSO BROWNE, DARWIN TELEMAQUE, GASTON ANDRON BROWNE III, MARIA BIRD-BROWNE, HYACINTH

HARRIS, ICKFORD ROBERTS, IF
ANTIGUA, INC., FARMER DG
BROWNE CO. LIMITED, COVE
HEAD DEVELOPMENT LIMITED,
COVE HEAD COMMUNICATIONS
LIMITED, WEST INDIES OIL
COMPANY,

*Intervenors-Appellees*.
-------------------------------------------------------------------

| | |
|---|---|
| FOR CLAIMANT-APPELLANT: | DAVID COSTELLO, Boies Schiller Flexner LLP, Fort Lauderdale, FL (Emiliano Martin De Luca, Boies Schiller Flexner LLP, New York, NY, Daria Pustilnik, Boies Schiller Flexner LLP, Miami, FL, Dan Boyle, Tatiana Nikolaeva, Boies Schiller Flexner LLP, Los Angeles, CA, *on the brief*) |
| FOR INTERVENORS-APPELLEES: | STEVEN M. SCHNEEBAUM, Steven M. Schneebaum PC, Washington, DC (Nicholas M. Renzler, Foley Hoag LLP, New York, NY, Paul S. Reichler, 11 King's Bench Walk, London, UK, *on the brief*) |

Appeal from an order of the United States District Court for the Southern

District of New York (Jesse M. Furman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Claimant-Appellant Yulia Guryeva-Motlokhov sought an order pursuant to 28 U.S.C. § 1782 permitting her to seek discovery from two United States entities to assist her in foreign judicial proceedings in Antigua and Barbuda, Russia, and the United Arab Emirates ("UAE").[1]  Specifically, she sought information concerning wire transfers dating to 2019 that reference Gaston Browne, the Prime Minister of Antigua and Barbuda, and several associated individuals and entities (the "Intervenors-Appellees").  Guryeva-Motlokhov now appeals from the June 4, 2025 order of United States District Court for the Southern District of New York (Furman, *J.*) quashing her subpoenas for discovery and vacating its prior order granting her earlier *ex parte* application for an order pursuant to § 1782.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Section 1782 authorizes a district court, "upon the application of any interested person," to order a person within its jurisdiction "to produce a

---

[1] Guryeva-Motlokhov does not appeal the District Court's decision as it relates to the proceedings in Russia.

3

document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). "In ruling on an application made pursuant to section 1782, a district court must first consider the statutory requirements and then use its discretion in balancing a number of factors." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). The three statutory requirements are as follows: "(1) the person or entity from whom discovery is sought resides or is found in the district where the application is made; (2) the requested material is for use in a foreign proceeding; and (3) the application is made by a foreign or international tribunal or any interested person." *In re BonSens.org*, 95 F.4th 75, 79 (2d Cir. 2024) (quotation marks omitted). If these requirements are met, the district court must then consider whether granting the application would further "the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *In Re SBK ART LLC*, 168 F.4th 68, 77 (2d Cir. 2026) (quotation marks omitted). "To evaluate whether granting an application would further those aims, courts are to consider four factors that the Supreme Court laid out in [*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65

4

(2004)]." *Id.* (quotation marks omitted); *see also Brandi-Dohrn*, 673 F.3d at 80–81.

Because the District Court resolved Guryeva-Motlokhov's application "solely on statutory grounds, and did not reach the discretionary factors" described in *Intel*, however, "our review is *de novo.*" *Certain Funds, Accts. and/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 117 (2d Cir. 2015).

## I.     The Statutory "For Use" Requirement

"[O]ur precedent makes clear that an applicant must . . . demonstrate that the intended use of the discovery is more than merely speculative." *BonSens.org*, 95 F.4th at 80. While the foreign proceeding "need not be pending or imminent," it must be "within reasonable contemplation." *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 100 (2d Cir. 2020) (quotation marks omitted). Guryeva-Motlokhov contends on appeal that the discovery sought could be used in an ongoing civil proceeding in the Antiguan courts or in a contemplated criminal proceeding in the UAE.

According to the District Court, Guryeva-Motlokhov's assertion that she intends to use the discovery in connection with a future appeal of a decision of the Antiguan trial court is too conclusory and speculative to support her claim that the documents are "for use" within the meaning of § 1782. Spec. App'x 5–6

5

(quotation marks omitted). We agree. Even on appeal, Guryeva-Motlokhov does not assert an intention to use the requested discovery in her current proceedings before the Antiguan trial court, where a bench trial has completed and where she has no further opportunity to present evidence.[2] Instead, she would use the discovery *if* she loses before the Antiguan trial court and subsequently decides to appeal, or *if* she wins and the opposing parties appeal. Guryeva-Motlokhov's use of the discovery thus "depends on some intervening event[s] or decision[s]," namely, an appeal by a party that receives an unfavorable judgment. *IJK Palm LLC v. Anholt Servs. USA, Inc.*, 33 F.4th 669, 680 (2d Cir. 2022); *see* Joint App'x 325. We therefore agree with the District Court that, at this time, Guryeva-Motlokhov's ability to use the requested discovery is entirely speculative, and that she failed to identify a "procedural mechanism" by which she could "inject the discovery [she] seeks into foreign proceedings." *IJK Palm LLC*, 33 F.4th at 680.

Guryeva-Motlokhov also argues that she will use the discovery in contemplated criminal proceedings in the UAE. She contends that a criminal

---

[2] At oral argument, counsel suggested that motions *may* have been filed in the Antiguan court seeking leave to introduce new evidence obtained in the Southern District of Florida, but no such motion has been granted.

6

investigation is "within reasonable contemplation" in the UAE because she can overcome the procedural hurdles to commencing an investigation there. *See Mangouras*, 980 F.3d at 100–01. We disagree. It is speculative at best whether the requested discovery could trigger an investigation in the UAE. Guryeva-Motlokhov's foreign law expert conceded that Guryeva-Motlokhov is "*considering* initiating legal proceedings . . . *pending* the [r]equested [d]iscovery," and that the UAE Federal Public Prosecution would investigate her complaint only "[i]f the petition is deemed admissible." Joint App'x 337 (emphases added). Guryeva-Motlokhov's "practical ability" to start proceedings depends entirely on the outcome of discovery and the foreign prosecutor's decision to initiate an investigation. *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017). We do not need "an overt expression from the foreign court that it wants or needs the information." *Mees v. Buiter*, 793 F.3d 291, 304 (2d Cir. 2015). But at a minimum we require "reliable indications of the likelihood that proceedings will be instituted within a reasonable time." *Certain Funds*, 798 F.3d at 123 (quotation marks omitted). We agree with the District Court that Guryeva-Motlokhov has not provided anything of the sort. Because the District Court's decision was "without prejudice," Guryeva-Motlokhov remains free to file "a new application

7

for relief . . . in the event that circumstances change materially." *See* Spec. App'x 10. Accordingly, we affirm the District Court's conclusion that, on the record as it currently stands, Guryeva-Motlokhov's request did not satisfy § 1782's "for use" requirement.

## II. Decision to Quash Subpoenas in Their Entirety

Finally, we conclude that the District Court properly quashed Guryeva-Motlokhov's subpoenas as to all targets. Guryeva-Motlokhov argues that the District Court violated Rule 45 of the Federal Rules of Civil Procedure by quashing the subpoenas without a timely motion from all parties. But Rule 45 does not deprive a district court of its inherent authority to reconsider its interlocutory orders, particularly where those orders implicate the court's statutory authority to order discovery. *See Grace v. Rosenstock*, 228 F.3d 40, 51 (2d Cir. 2000). The motions to quash implicated the District Court's statutory "authority" to "grant a § 1782(a) discovery application." *Intel Corp.*, 542 U.S. at 264. After reviewing the motions, the District Court determined that Guryeva-Motlokhov's application did not satisfy the statutory requirements of § 1782. Because "an applicant *must* satisfy [the] statutory prerequisites," *BonSens.org*, 95 F.4th at 79 (emphasis added), we find no error in the District Court's decision to

8

deny Guryeva-Motlokhov's discovery request in full.

## CONCLUSION

We have considered Guryeva-Motlokhov's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court